NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JAMES H. ROSECRANS, PETITIONER, v. ROBERT REINER, INCORPORATED, A CORPORATION, AND THE FIDELITY AND CASUALTY COMPANY, A CORPORATION, RESPONDENTS.

**Physician Employed by Employer Does Not Come Within the Statute Authorizing Bureau to Fix Compensation—Right of Action for Payment for Services Rendered Under Such Employment is in Common Law Courts—Bureau May Fix Compensation Only When Employment of Physician is by Employer.**

For the petitioner, *Lichtenstein, Schwartz & Freidenberg.*

For the respondents, *Edwards & Smith.*

\*     \*     \*     \*     \*     \*     \*     \*

The facts in this case were stipulated and agreed upon, which briefly are as follows:

Dr. James H. Rosecrans, petitioner, was engaged by respondent Robert Reiner, Inc., to treat medically one Richard Spoerl, who suffered an accident arising out of and in the course of his employment. Dr. Rosecrans rendered services and demanded from respondent payment of his bill, which amounted to $710. The respondent insurance · carrier, Fidelity and Casualty Company, was aware of the fact that petitioner was treating said Richard Spoerl. Petitioner not being paid his bill for medical services, instituted proceedings in this bureau by means of a pettion for the payment of services rendered. The respondents in this proceeding put in the defense that the workmen's compensation bureau is without jurisdiction to hear this case on the ground that it involves merely a contractual relationship between petitioner and respondent, and that petitioner's remedy is in the common law court. Therefore, the question of jurisdiction is the only one at issue.

Petitioner bases his contention on the fact that this bureau has jurisdiction of paragraph 14 of the laws of 1911, chapter 95, as amended by chapter 245, laws of 1922, wherein it states: "The employer shall not be liable to furnish or pay for physician's or surgeon's services in excess of $50, and in addition to furnish hospital services in excess of $50, unless the injured workman or *physician* who treats him, or any other person on his behalf shall file a petition with the workmen's compensation bureau stating the need for such physician's or surgeon's services in excess of $50."

In my opinion, considering the above quotation in conjunction with the remaining section of the paragraph, which deals with medical services, this petition is filed for the sole purpose of enlarging the obligation of the employer to furnish medical treatment, and that the petition when filed by the physician is merely filed in behalf of the injured workman. The filing of this petition for an extension of the medical services in nowise affects the contractual relations between the various parties. It creates no new rights but

NEW JERSEY MISCELLANEOUS REPORTS. 771

N. J. Dept. Labor—Rosecrans v. Robert Reiner, Inc.

merely enlarges the employer's obligation, granting the injured person the benefits of extended medical service.

A careful reading of the case of *Moore* v. *Deres,* reported in 97 *N. J. L.* 378, and 117 *Atl. Rep.* 480, and the case of *Dias* v. *New Jersey Manufacturers Casualty Insurance Co.,* reported in 132 *Atl. Rep.* 101, makes plain that the various provisions of the Workmen's Compensation act are applicable only to the parties incident to the contract of employment, namely, employer and employe, and it is clear from the above citations that a third person has no rights enforceable under the provisions of the Workmen's Compensation law.

My interpretation of section 14 of the Compensation act, which deals with medical services, is as follows: When the employer fails to render medical services in accordance with the provisions of the Compensation act, and the injured workman secures the services of a physician, then the injured workman has a right to file a petition with the workmen's compensation bureau for reimbursements for obligations incurred in securing this medical service, as set forth clearly in the case of Moore *v.* Deres: "The provision for enforcement in the name of employe clearly negatives any right to enforcement in the name of a creditor of the employe as is the present case. The employe must bring the suit even though he may be under a moral obligation to spend the money recovered for the purpose for which the statute provides it."

When, however, the employer renders the medical service by means of a physician employed by him, then the right of action that the physician may have for his services is in the common law court, against the employer, but not in the workmen's compensation bureau, as clearly stated in the case of Dias *v.* New Jersey Manufacturers Casualty Insurance Co., as follows: "The parties are bound by all the terms of the statute, and only parties to the statutory contract are bound by its terms or entitled to its benefits. An examination of the statutes demonstrates that only the employer and the employe are parties to the statutory contract. The act of 1911 implies a contract only as between employer and employe, and makes provision quite inapplicable to third parties."

A study of the Workmen's Compensation act fails to reveal any provision under which an action may be maintained on the part of any other than the injured employe or his dependents. In the absence, therefore, of any provisions for legal procedure by some other person, such right cannot be assumed.

I do, therefore, find that the workmen's compensation bureau is without jurisdiction to hear this case, and do render judgment in favor of the respondent and against the petitioner, and order that the petition be dismissed.

CHARLES E. CORBIN,
*Deputy Commissioner.*