WILLIAM H. OSBORNE, RESPONDENT, v. CONSOLIDATED STONE AND SAND COMPANY, PROSECUTOR.

Submitted May 13, 1932—Decided November 12, 1932.

Before Justices TRENCHARD, CASE and BROGAN.

For the respondent, *E. Robert Coven.*

For the prosecutor, *George E. Meredith* (*Richard W. Baker,* of counsel).

The opinion of the court was delivered by

CASE, J.   The finding of facts and determination by the workmen's compensation bureau allowing compensation to William H. Osborne, employe, against Consolidated Stone and Sand Company, employer, is before us on writ of *certiorari,* prosecuted by the respondent below.

The first point presented on the prosecutor's brief is that the petitioner did not sustain the burden of proving by competent legal evidence that he had suffered an accident arising out of and in the course of his employment. It is the uncontradicted evidence that Osborne was employed as night watchman at the plant of the Consolidated Stone and Sand Company; that a part of his duties was to maintain a fire to warm the office and that, during the night of October 29th-30th, 1930, while he was chopping wood for that fire a block of the wood fell on his foot and injured one or more of his toes. It is also sufficiently established by the evidence that the injury thus caused developed into gangrene and that the gangrene in turn resulted in the amputation, about November 21st, of a part of one toe, and later, in the following January, of the rest of that toe and of a second toe, and still later, in February, of a portion of the leg, and yet, again, of a remaining part of the leg up to the mid-thigh. We find that the burden of proof was sustained.

The second point is that the referee erred in denying the motion of the respondent below for dismissal of the petition on the ground that the testimony did not show that the alleged accident was reported within ninety days and that consequently the claim was shut out by section 2, paragraph 15 of the Workmen's Compensation act (2 *Cum. Supp. Comp. Stat.*, p. 3879, *pl.* 88, 236-16), which provides that "unless knowledge be obtained [viz., by the employer], or notice given, within ninety days after the occurrence of the injury, no compensation shall be allowed." The finding of fact by the bureau was that the employer had knowledge of the occurrence of the injury. The prosecutor takes the position that the employer, to be liable for compensation, must either (1) have actual knowledge of the occurrence of the injury, which knowledge shall have been obtained by the presence of the employer, or of someone occupying his status, at the time and place of the accident, or (2) have received notice from the employe or from someone in his behalf. The statute may not be thus narrowed. That the statutory knowledge may be obtained after the accident (*Allen* v. *City of Mill-*

*ville,* 87 *N. J. L.* 356; 88 *Id.* 693) and in a way other than by notice from or on behalf of the employe is evident from the last quoted language of the statute and also from the further directions contained within the same paragraph (section 2, paragraph 15), as, for instance, that, failing actual knowledge or notice within fourteen days, "then no compensation shall be due *until* such notice is given or knowledge obtained," and the clause beginning "if the notice is given *or the knowledge obtained* within ninety days." The "actual knowledge" required by the statute is what would be called knowledge in common parlance. *Allen* v. *City of Millville, supra.* If the employer had either contemporaneous or later timely knowledge of the accident, it is not important that the information came through one who was not the foreman or other superior to the employe or by a means not personally inspired by or on behalf of the injured employe. On the other hand, the giving of notice in the statutory manner would place the claimant within the protection of the statute even though, as conceivably might happen (*e. g.,* as by the failure of a foreman to communicate the fact that notice had been given to him), the notice so given should not bring the knowledge actually home to the employer.

Osborne testified that he had reported the fact of the injury to the employer and that this report was made on the day of the injury to the man who, at six o'clock in the morning, relieved the employe and remained "until the clerk got there in the office at seven o'clock." Section 16 of the act, *supra,* provides that "notice served at the office of, or on the person who was the employe's immediate superior, shall be a compliance with this act." It is, we think, a legitimate inference from the testimony that the person to whom this report was made was at, and was the only person at, the office of the employer at the time, though we find it unnecessary to determine whether notice to this person was notice to the employer.

By sections 5 and 6 of the supplement of 1918 (*Pamph. L.* 1918, *ch.* 149, *p.* 429; 2 *Cum. Supp. Comp. Stat., p.* 3889, as amended *Pamph. L.* 1921, *ch.* 229, *p.* 731, and *Pamph. L.* 1931, *ch.* 280, *p.* 708), it is required that the claimant for com-

pensation shall file a petition stating, *inter alia,* the facts relating to the injury and the knowledge of the employer or notice of the occurrence of the accident; that the petition shall be verified by the oath or affirmation of the petitioner; that a copy of the petition shall be served upon the employer, together with a notice directing the employer to file an answer, under oath or affirmation, and that the answer shall admit or deny the substantial averments of the petition and shall state the contention of the employer with reference to the matters in dispute as disclosed by the petition. The petition and answer form the method, and the only method, by which a triable issue, under the statute, may be framed. They are, in a measure, comparable to the pleadings in an action at law. They constitute a part of the record of the cause. *Pamph. L.* 1918, *ch.* 149, § 11, as amended *Pamph. L.* 1921, *ch.* 229; 2 *Cum. Supp. Comp. Stat., p.* 3892. Under the practice of the workmen's compensation bureau, the petitions and answers are on departmental forms containing printed questions, identically numbered, and so worded that the information demanded of the employer by a given question in the answer is a confirmation or negation of the statement made by the employe in response to the like numbered question in the petition. In the instant case there were the customary petition and answer under oath. The petition contains questions and answers as follows: "10. Did your employer have knowledge of your accident? Yes. 11. Did you notify your employer of your accident? Yes. 12. If so, on what date? November 1st, 1930." The answer does not deny or in any way dispute these factual statements. In response to the inquiry "10. When did you first have knowledge of this alleged accident?" is given the answer, "sometime later." This response is entirely consistent with the allegations in the petition that the accident happened on October 29th and that notice was given to the employer on November 1st, for November 1st is, of course, "sometime later" than October 29th. To the eleventh and twelfth questions no response was given in the answer. Neither by the answer nor by testimony at the hearing did the employer deny that the employe had,

on November 1st, 1930, notified it of the accident. In response to the question and instruction "what other facts are there which you believe important? If you deny that compensation is payable in this case, explain fully your reasons for this conclusion," the employer merely set up: "The respondent denies the petitioner suffered an injury by accident arising out of and in the course of his employment." The employer produced no testimony at the hearing except a copy of a hospital record.

At the close of the case the situation was, therefore, that knowledge of the accident was admitted by the employer; the employe had, under oath, asserted the giving of notice; the employer had not made denial thereof though it was under the statutory duty to do so if the notice had not been given; and the employer had solemnly averred a distinctly different proposition as its reason for denying liability. Then, without theretofore intimating any change of position, the employer moved a dismissal of the case, naming as a ground that the accident had not been reported within ninety days.

It was held by the Court of Errors and Appeals in *State* v. *Scott,* 104 *N. J. L.* 544, an action at law, that where the pleadings contained an admission from which the party had not sought to be relieved the trial judge was quite justified in dealing with the case conformably to such concession. Without attempting to apply the rules of law pleading to proceedings under the Workmen's Compensation act, we nevertheless think that the common sense of the principle stated in the Scott case serves equally to dispose of the question before us. We consider that the contents of the answer, viewed in the light of the statutory requirements, were tantamount to an admission of actual and timely knowledge by the employer and also of the giving of due notice by the employe, and that the commissioner was thereby justified in his factual finding and in his denial of the employer's motion to dismiss.

The third and fourth points are disposed of by our observations on point two.

The next point raised by the prosecutor of the writ is that the evidence does not show that the accident was the com-

petent producing cause of the disability for which compensation was granted. We find that the evidence was ample to sustain the finding below in this respect.

Finally, the appellant disputes the allowance for medical expenses. Our disposition of point two imputes a knowledge to the employer such that it became the employer's duty to provide the services for which the allowance was made. Workmen's Compensation act, *supra,* section 2, paragraph 14. That the services were necessary and that the charges, the bulk of which were owing to the Paterson General Hospital, were reasonable are, we think, apparent. The employer did not provide the necessary medical, surgical and hospital services, and the allowance of the cost thereof was, therefore, proper.

The finding of facts and determination by the workmen's compensation bureau will be affirmed, with costs.