SALVATORE MECCA, PETITIONER-DEFENDANT, v. PHOE-
NIX BRASS FITTINGS CORPORATION, RESPONDENT-
PROSECUTOR.

Argued October 4, 1939—Decided January 11, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the prosecutor, *Kellogg & Chance.*

For the defendant, *Perry E. Belfatto* and *John A. Laird.*

PER CURIAM.

This writ of *certiorari* brings up for review a judgment of the Essex County Court of Common Pleas affirming an award of the Workmen's Compensation Bureau awarding compensation for temporary and permanent disability as well as medical fees and expenses to the petitioner.

The facts appear to be that petitioner was employed in the factory of the defendant as a brass polisher. In the course of his work, small particles of brass became dislodged from the pieces being polished and petitioner claimed that these small particles settled on his skin and in his clothes, causing scratches on the skin. In the hospital the physicians discovered a large number of healed scratches on his arms and legs. Petitioner was compelled to stop work on July 12th, 1935, because of the condition of his right foot. This foot had become swollen and infected and the contention of the petitioner is that the condition was the result of scratches inflicted by the brass particles as the result of his employment. He entered a hospital on July 29th, 1935, and remained there

until April 6th, 1936. His right leg was amputated below the knee because, his physician says, of osteomyelitis resulting from the infection and scratches. We think an injury of the kind here claimed, if sustained by the proofs, is the result of an accident within the rule of *Bollinger* v. *Wagaraw Building Co.*, 122 *N. J. L.* 512, where sand in a workman's shoe irritated a mole and set up a malignant growth.

The first point argued is that the petitioner did not bear the burden of proving that his ailments were by accident arising out of and in the course of his employment. We think, however, that he did. There is ample evidence that his skin was scratched by particles of brass both on the right foot and on other parts of his body where no infection developed. He attempted to care for the scratches by applying salve. But the right foot became infected. There is ample medical evidence that this infection got into the bone and osteomyelitis resulted. There was an effort on the part of the respondent to show that the condition of the foot was caused by arteriosclerosis, but this was denied by the attending physician who testified that the scratches were the cause of the condition. We think there is ample support in the evidence for the finding of fact reached by the lower tribunals on this issue.

The next point is that there was insufficient proof of notice to or knowledge on the part of the employer within the ninety-day period required by the statute. Petitioner testified that after being out from work for two weeks he went to the factory and told his foreman, Patsy Prallo, of his condition and of the fact that it came from scratches received at work. He showed the scratches to Prallo and told him that he might have to go to a hospital. Prallo denies this version and says that the petitioner merely told him that he was sick and had been unable to work. We think the evidence is sufficient to sustain the finding in this regard.

The last point is that it was error to allow costs of physicians' and hospital services in excess of $50 under the statute. The statute provides the employer shall not be liable "* * * or unless the nature of the injury required such services, and the employer or his superintendent or foreman, having knowledge of such injury shall have neglected to pro-

vide the same   *   *   *   or unless the circumstances are so peculiar as shall justify, in the opinion of the Workmen's Compensation Bureau, the expenditure assumed by the employe for such physicians' treatment and hospital services, apparatus and appliances." We have already found that there was notice to the foreman and in that situation the language of Mr. Justice Case in *Osborne* v. *Consolidated Stone and Sand Co.,* 109 *N. J. L.* 590, is pertinent: "Finally, the appellant disputes the allowance for medical expenses. Our disposition of point two imputes a knowledge to the employer such that it became the employer's duty to provide the services for which the allowance was made. Workmen's Compensation act, *supra,* section 2, paragraph 14. That the services were necessary and that the charges, the bulk of which were owing to the Paterson General Hospital, were reasonable are, we think, apparent. The employer did not provide the necessary medical, surgical and hospital services, and the allowance of the cost thereof was, therefore, proper." See, also, *Beach Construction Co.* v. *Sullivan,* 13 *N. J. Mis. R.* 582. We conclude, therefore, that the award was proper in this respect.

The writ is discharged, with costs.