MARY LOHNDORF, RESPONDENT, v. PEPER BROS. PAINT CO., PROSECUTOR.

Submitted January 15, 1946—Decided April 11, 1946.

Before Justices Parker and Oliphant.

For the respondent, *Ward & Levinthal* (*Maurice Levinthal,* of counsel).

For the prosecutor, *Cox & Walburg* (*Arthur F. Mead,* of counsel).

The opinion of the court was delivered by

Oliphant, J. This is a workmen's compensation case, *R. S.* 34:15–7, *et seq.* The appeal, by *certiorari,* is from a judgment of the Passaic County Court of Common Pleas, which judgment reversed a determination and rule for judgment of the Workmen's Compensation Bureau and awarded compensation to respondent. It therefore becomes our duty to appraise the evidence and determine the facts. *Gilbert* v. *Gilbert Machine Works, Inc.,* 122 *N. J. L.* 533.

The question presented is whether the respondent has sustained the burden of proving that the coronary occlusion which resulted in decedent's death was the result of an accident arising out of and in the course of his employment.

We find the facts to be as follows: Joseph Lohndorf, a man fifty-nine years of age, died on August 27th, 1944, at 3:00 A. M., at his home. He had been employed by prosecutor for one and a half years as manager of its paint store in Paterson and, as such, he worked six days a week from 8:00 A. M. to about 7:00 P. M. He waited on customers and generally took care of the store. It had shelving on the side where merchandise was displayed, the heavier paint cans being on the floor and lower shelves, the lighter ones on the upper shelves, which were reached by using an eight foot ladder. The cans and containers ranged in weight from ten to one

hundred pounds and roofing material weighed from fifty-five to sixty-five pounds. Decedent had a part-time helper and a truck driver was also employed.

The claim petition sets forth an accident as having happened on August 23d, 1944, in the early afternoon. Decedent had a heart attack at that time while standing by a counter, doing nothing and following no unusual exertion. Another attack was experienced by him later that afternoon and again on the following day. On Friday afternoon, August 25th, decedent suffered another attack after moving some cans of paint from a low hand truck to the floor. When these various seizures took place decedent had shortness of breath and pain in his left shoulder. He would exclaim "I can't breathe." On the following day, Saturday, about 4:00 P. M., he had another attack concerning which there is no evidence of anything unusual occurring or of any particular exertion except that it was a busy day and he had been waiting on customers. He often complained of feeling very tired, and most of the attacks occurred without evidence of prior effort or strain. After the attack on Saturday afternoon he kept on working until closing time about 7:30, when he in company with his helper went to a tavern next door to the store, where Lohndorf took some seltzer water after which he went on a bus to his home. He arrived there after 9:00 o'clock, and was pale and sick looking. He ate a meal after which he had bad pains in his chest and back. He rested on a couch, the pains continuing, and about 3:00 A. M. went to relieve himself at the sink and fell back dead. He had been having heart attacks from as early as July, 1944, and no claim is made that any of these were caused by an employment accident. The attacks prior to the last one were those of coronary insufficiency or angina pectoris while the fatal one was coronary artery occlusion with thrombosis. He had been afflicted with coronary sclerosis. No autopsy was performed.

Three medical witnesses appeared on behalf of the respondent. Dr. Cohen in response to a hypothetical question containing no facts of unusual occurrences, events or undue exertion except the one of lifting cans of merchandise from the hand truck to the floor on August 25th and using the ladder to

wait on customers, said the work he had been doing from August 23d on contributed to his death, that physical work was *contra*-indicated. Of course, it should be noted that deceased had been doing similar work for a year and a half. The same hypothetical question was propounded to Dr. Budd, who testified that in his opinion decedent by continuing work instead of resting aggravated his condition and this brought about his eventual death. He further said that many cases of coronary sclerosis died without effort or strain, even while asleep, but in this particular case the work performed was a precipitating factor. Dr. Yolken asserted decedent's work was the main factor in bringing about his death. On behalf of the prosecutor, Dr. Kaufman testified that there was no causal relationship between the employment and the death of Mr. Lohndorf, that he had attacks of angina pectoris since July and during the five days before his death, and that the coronary occlusion which occurred late Saturday night was not at all related to any particular incident and that there was no causal relationship between the employment and the death.

There is a presumption that any death from heart disease is the result of natural causes. Coronary thrombosis "ordinarily ensues from coronary sclerosis or other morbid state. \* \* \* The *onus* is on claimant to establish that the asserted accident was at least a contributory cause without which the occlusion would not have occurred." *Schlegel* v. *H. Baron & Co.*, 130 *N. J. L.* 611. While the respondent produced the greater number of medical witnesses, the evidence on behalf of the prosecutor was weightier and more persuasive. "The law places the burden of proof on the petitioner for compensation; and it is not sustained unless the evidence preponderates in favor of the tendered hypothesis. That must be a rational inference, *i. e.*, based upon a preponderance of probabilities according to the common experience of mankind. It is required to be a probable or more probable hypothesis with reference to the possibility of other hypotheses." *Gilbert* v. *Gilbert Machine Works, Inc., supra; Jones* v. *Newark Terminal and Trans. Co.*, 128 *Id.* 190. This test the respondent has failed to meet.

We are not unmindful of the fact that there may be a compensable injury where there is an accidental strain of the heart, even though that heart was previously weakened by disease, if the accident arose out of and in the course of the employment. *Bernstein Furniture Co.* v. *Kelly,* 115 *N. J. L.* 500; *Molnar* v. *American Smelting and Refining Co.,* 128 *Id.* 11; *Swift & Co.* v. *Von Volkum,* 131 *Id.* 83; but here we conclude there was no accident which arose out of the employment.

We are satisfied that while the continued employment of decedent was *contra*-indicated in view of his heart condition there was no accident within the intendment of the statute. An accident is "an unlooked for mishap or untoward event which is not expected or designed." *Geltman* v. *Reliable Linen and Supply Co.,* 128 *N. J. L.* 443; "an unintended or unexpected occurrence," *Bollinger* v. *Wagaraw Building and Supply Co.,* 122 *Id.* 512; it is an event happening at a specific time or occasion. *Liondale Bleach Works* v. *Riker,* 85 *Id.* 426. The words "accident" and "employment" are not synonymous. To render an injury compensable there must be an event or happening, beyond the mere employment itself, which brings about the final result or contributes thereto, and without which the injury or death would not have resulted. Because an individual continues his occupation when rest is indicated or work *contra*-indicated and because by continuing the employment he becomes sick or disabled does not of itself form a basis for compensation. To hold otherwise is to constitute an employer an insurer of the health and life of his employees. Again in the instant case the aforesaid test cannot be met. From all the facts, as we find them to be, together with the medical proof it cannot be said that deceased's death from the coronary occlusion would not have happened but for his employment. *Prino* v. *Austin,* 120 *Id.* 19; *Bollinger* v. *Wagaraw Building and Supply Co., supra.*

From the preponderance of the evidence the decedent died of a thrombosis as the result of a diseased heart not attributable to an industrial accident. The case is entirely void of any evidence of accidental strain at the time asserted in the claim petition. We do not perceive under the circumstances

that the cases of *Hentz* v. *Janssen Dairy Corp.*, 122 *N. J. L.* 494, and *Molnar* v. *American Smelting and Refining Co.*, *supra*, are controlling. In these cases it was found that the deceased suffered a strain of the heart from unusually hard labor on the day in question, and that the employee collapsed shortly after his severe efforts.

The judgment of the Pleas is reversed, which results in that of the Bureau being reinstated and affirmed.