This is an appeal from a judgment of the Hudson County Court, affirming an award of the Compensation Bureau, for hospital services and medical services against appellant, the respondent's employer.
Compensation was allowed to respondent and paid by appellant for the injuries alleged to have been sustained arising out of and in the course of the employment of respondent, then 13 years of age, by appellant. The only point here involved is as to the award of hospital and doctors' charges for services found to be necessary by reason of the injury sustained on December 30, 1944, arising out of and in the course of respondent's employment, as a delivery boy in appellant's store.
There is no doubt that appellant was immediately informed of the accident, because respondent went to appellant's store and told him he had just fallen off his bicycle, while delivering articles for appellant, by reason of the bicycle skidding on some ice. He went home and his mother called a doctor, who kept the boy in bed for three or four days. In January, or February, 1945, the boy's mother informed appellant of the boy's continued injury and requested appellant to furnish some x-rays. Appellant, thereupon, telephoned his insurance agent about her request for x-rays. Some time later, a representative of the insurance company gave a note for an examination by the doctor for the insurance company. Dr. Ruvane examined the respondent on March 27, 1945, at which time his mother requested that x-rays be taken, but he refused to have them taken. On the witness stand, the doctor expressed surprise that he did not have them taken. In September, 1945, she took him to a Dr. Benjamin who required x-rays, and who advised hospitalization for respondent. Thereupon, she requested the appellant's insurance company to treat the respondent and the request was refused. In November, 1945, Dr. Ruvane again examined the boy and recommended he be placed in a hospital, but told the mother that he was unable to furnish any aid without the approval of the insurance company. Respondent's attorney then called the insurance company requesting medical treatment for respondent. None was furnished. Respondent *Page 285 
entered the Bayonne Hospital on November 29, 1945, and remained until February 12, 1946; he returned to the hospital on August 12, 1946, and remained until October 12, 1946. The hospital bill amounted to $1,021.00, and Dr. Frank's bill for treatment and operations amounted to $670.00. It was not disputed that these charges were reasonable.
Appellant argues that under R.S. 34:15-15, he is not liable for medical and hospital expenses without his authorization.
In Mecca v. Phoenix Brass Fittings Corp., 124 N.J. Law 6(Sup.Ct. 1940), it was said: "The statute provides the employer shall not be liable `* * * or unless the nature of the injury required such services, and the employer or his superintendent or foreman, having knowledge of such injury shall have neglected to provide the same * * * or unless the circumstances are so peculiar as shall justify, in the opinion of the Workmen's Compensation Bureau, the expenditures assumed by the employee for such physicians' treatment and hospital services, apparatus and appliances.' We have already found that there was notice to the foreman and in that situation the language of Mr. Justice Case in Osborne v. Consolidated Stoneand Sand Co., 109 N.J.L. 590, is pertinent: `Finally, the appellant disputes the allowance for medical expenses. Our disposition of point two imputes a knowledge to the employer such that it became the employer's duty to provide the services for which the allowance was made. Workmen's Compensation Act, supra, Section 2, paragraph 14 [now R.S. 34:15-15]. That the services were necessary and that the charges, the bulk of which were owing to the Paterson General Hospital, were reasonable are, we think, apparent. The employer did not provide the necessary medical, surgical and hospital services, and the allowance of the cost thereof was, therefore, proper.' See, also, Beach ConstructionCo. v. Sullivan, 13 N.J. Misc. R. 582."
In the instant case, the employer had knowledge of the occurrence; he was requested to furnish aid and declined; he notified his insurer and left the determination of the question with his insurer, whose physician admitted the injury and recommended hospitalization before it was commenced. Certainly, in view of the admitted injury; the payment of compensation *Page 286 
therefor; and the knowledge of injury and demand for treatment; the terms of the statute have been met, and the award should be affirmed.