13 N.J. Super. 56 (1951)
80 A.2d 235
EDWARD L. NEYLON, PETITIONER-RESPONDENT,
v.
FORD MOTOR COMPANY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 5, 1951.
Decided April 12, 1951.
*57 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Verling C. Enteman argued the cause for respondent-appellant (Messrs. McCarter, English & Studer, attorneys).
Mr. Sam Weiss argued the cause for petitioner-respondent (Mr. Lewis S. Jacobson, attorney).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The employer appeals from a judgment entered in the Middlesex County Court sustaining an award for the petitioner made by the Division of Workmen's Compensation.
The petitioner, employed as a utility man or car loader, suffered an injury to his back while unloading a freight car. Seat frames weighing between 10 and 30 pounds were piled 25 high in the car. The weight of the frames forced them down and the frames had prongs on them which had to be pulled to remove them. He climbed to the top of the car to hand the frames down to his fellow workers. While pulling a frame, he felt "something go" in his back and "a terrific pain." He stopped work immediately, notified his foreman and then went to the hospital, where he received *58 treatment for his injured back. His injury was diagnosed as a left sacroiliac sprain. A coworker testified that petitioner stopped while in the act of pulling out a frame, complaining that he hurt his back; and that he came down from the car slowly and apparently in pain. The petitioner never had any trouble with his back before this incident.
The petitioner testified that, at the time of this incident, he was doing the same type of work and doing it in the same way as he had been doing it for the preceding six months, and that the only thing unusual about the incident was that he got a pain in his back as he pulled the frame.
Both in the County Court and in this court, the employer disavowed any desire to question the award on the ground of failure of proof that the back injury suffered by the petitioner was caused by the physical exertion. The sole contention is that the failure to prove an unusual exertion or unusual strain precludes an award. To support its contention, the employer argues that Lohndorf v. Peper Bros. Paint Co., 134 N.J.L. 156 (Sup. Ct. 1946), affirmed 135 N.J.L. 352 (E. & A. 1947) and the later cases, citing among others Grassgreen v. Ridgeley Sportswear Mfg. Co., 2 N.J. Super. 62 (App. Div. 1949), cert. denied 1 N.J. 603 (1949) and Seiken v. Todd Dry Dock, Inc., 2 N.J. 469 (1949) established the rule that in physical exertion cases there can be no award for injury resulting from strain or exertion incident to the employment, without proof that the strain or exertion was unusual, and that these cases completely overruled any statement to the contrary in the earlier cases such as Hentz v. Janssen Dairy Corp., 122 N.J.L. 494 (E. & A. 1939); Bollinger v. Wagaraw Building Supply Co., 122 N.J.L. 512 (E. & A. 1939); Ciocca v. National Sugar Refining Co. of N.J., 124 N.J.L. 329 (E. & A. 1940); Molnar v. American Smelting & Refining Co., 128 N.J.L. 11 (E. & A. 1942); and Cavanaugh v. Murphy Varnish Co., 130 N.J.L. 107 (Sup. Ct. 1943), affirmed 131 N.J.L. 163 (E. & A. 1944). The Lohndorf case and the cases following it, cited by the employer, are all heart disease cases and they do not have the *59 broad sweep claimed. As was pointed out in Mills v. Monte Christi Corp., 10 N.J. Super. 162 (App. Div. 1950), cert. denied 6 N.J. 315 (1951), these cases establish the requirement of proof of unusual strain or exertion in heart disease cases, grounded upon the judicially declared presumption that death from heart disease is ordinarily the result of natural physiological causes rather than trauma or particular effort; but this requirement has not been extended to other injuries, such as that suffered by this petitioner, resulting from a strain or exertion incident to the employment. Cf. Fox v. Plainfield, 10 N.J. Super. 464 (App. Div. 1950).
Under the liberal construction given to our Workmen's Compensation Act, the particular incident involved in this case, being an unlooked for mishap or untoward event which was not expected or designed, was an accident (Mixon v. Kalman, 133 N.J.L. 113 (E. & A. 1945)) and an award should not be denied merely because the strain or exertion causing the injury was not an unusual one. Mills v. Monte Christi Corp., above.
Affirmed.