22 N.J. Super. 199 (1952)
91 A.2d 612
PETER J. D'AMICO, PETITIONER-RESPONDENT,
v.
GENERAL ELECTRIC SUPPLY COMPANY, A CORPORATION, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1952.
Decided October 17, 1952.
*200 Before Judges EASTWOOD, GOLDMANN and FRANCIS.
Mr. Verling C. Enteman argued the cause for the respondent-appellant (Messrs. McCarter, English & Studer, attorneys; Mr. Stuart A. Young, Jr., of counsel).
Mr. John A. Laird argued the cause for petitioner-respondent (Messrs. Roskein & Laird, attorneys; Mr. John A. Laird, of counsel).
PER CURIAM.
The appeal is affirmed for the reasons stated in the opinion filed by Judge Naughright in the Essex County Court. 16 N.J. Super. 472 (1951).
The concurring findings of the two independent tribunals below are supported by adequate evidence. In the light thereof we have little difficulty in accepting the conclusion that petitioner was entitled to an award under the Workmen's Compensation Act. Mills v. Monte Christi Corp., 10 N.J. Super. 162, 165 (App. Div. 1950), certif. denied 6 N.J. 315 (1951); Fox v. City of Plainfield, 10 N.J. Super. 464, 468 (App. Div. 1950).
The doctrine of Lohndorf v. Peper Bros. Paint Co., 134 N.J.L. 156 (Sup. Ct. 1946), affirmed 135 N.J.L. 352 (E. *201 & A. 1947), and the cases following it, which require proof of unusual strain or exertion, is limited to heart cases. Fox v. City of Plainfield, above. It may be noted that the doctrine has not escaped criticism. See the concurring opinions of Justice Heher in Temple v. Storch Trucking Co., 3 N.J. 42, 46 (1949), and in the Lohndorf case, 135 N.J.L., at page 353.
In Neylon v. Ford Motor Co., 8 N.J. 586 (1952), the majority of the Supreme Court sought to extend the "unusual strain or exertion" doctrine of the Lohndorf case to non-heart cases. Justice Heher dissented, Chief Justice Vanderbilt concurring in the dissent. Reiterating the view voiced in his concurrences in the Lohndorf and Temple cases, above, Justice Heher said that "this doctrine [of the Lohndorf case] has introduced into judicial administration an arbitrary classification that is not to be found in the statute," and held that the sacroiliac sprain suffered by Neylon in the usual course of his employment was an injury
"within the mischief to which the remedy was directed. The legislative purpose was to provide for the hazard of accident within the scope of the employee's work. The question is whether there was an accident, in the sense of an unlooked-for mishap or untoward event not expected or designed, imputable to a risk reasonably incident to the doing of the master's work."
The Neylon case was reargued September 8, 1952, one week before the argument in this case. We withheld decision pending the determination of that reargument. 10 N.J. 325. The Supreme Court decision has just come down and resulted in an equal division of the court, thereby affirming the judgment of the Superior Court, Appellate Division, reported in 13 N.J. Super. 56 (1951). Justice Jacobs, in an independent opinion joined in by Justice Heher, said that he considered the argument that Neylon suffered no injury by accident since the sacroiliac sprain resulted from a strain or exertion which was not an unusual one, was without merit; it was a contention that he had expressly rejected in Mills v. Monte Christi Corp., above, and Ptak v. General Electric *202 Co., 16 N.J. Super. 573 (App. Div. 1951). He accepted the views expressed by Justice Heher in his concurring opinions in the Lohndorf and Temple cases, and in his dissenting opinion in the Neylon case (8 N.J., at page 594), stating that "they find support not only in reason and the underlying beneficent purposes of the act but also in occasional decisions by our court of last resort * * * and in numerous decisions elsewhere in the country," citing cases.
Chief Justice Vanderbilt also filed an independent opinion on the reargument of the Neylon case, concurring in the opinion of Justice Jacobs, "but only to the extent that it applies to cases of the type here involved and not to the extent that by dictum it deals with heart cases."
It is, therefore, clear that the "unusual strain or exertion" doctrine has not been extended to other than heart cases by our court of last resort. It has no application in this case, involving the bursting of a lung cyst or bleb due to a strain associated with his employment, and which resulted in the collapse of the lung with attendant physical manifestations.
Appellant seeks to avoid payment of the medical bills upon a ground that was not set up in its answer, nor urged at the trial level. In its answer to respondent's claim petition in the Division of Workmen's Compensation it said, in answer to the questions "Was medical aid required?", "Were you requested to supply the necessary medical services required by law?" and "Did you furnish this service?", that "Respondent has no knowledge that the petitioner sustained an accident arising out of, and in the course of, his employment with the respondent." The answer was disingenuous in the light of the record. Reference to the answer will show that appellant conceded nothing and, in effect, denied everything. Although appellant is not entitled to raise the question of medical expenses for the first time upon this appeal, it will be disposed of on the merits.
The present argument is that respondent did not request appellant to furnish medical service and, in any event, *203 the medical service was not an emergency requirement. Both the county court and the deputy director resolved this factual question against appellant, the deputy director finding that
"such treatment was of a necessary nature, and that the respondent had early and repeated occasion to render same, but failed to do so. I make note, also, that the respondent evidently obtained an examination of the petitioner by Dr. Crecca during the pendency of an informal hearing, yet despite the nature of the doctor's report, the respondent failed to render the surgery indicated."
A situation similar to the present one was dealt with in Bobertz v. Hillside Township, 126 N.J.L. 416 (E. & A. 1941). The court held that the medical expenses there assumed by the employee were justified under the statute, and referred to R.S. 34:15-15, authorizing the assessment of medical expense against a respondent when "the circumstances are so peculiar as shall justify, in the opinion of the Workmen's Compensation Bureau, the expenditure assumed by the employee." The court found there was sufficient in the case to warrant a finding of the kind of circumstances envisioned in the statute to justify the expense for the medical and hospital services. It further noted that "appellant's conduct does not appear to have been that of a party uninformed, but rather it inferred an awareness and recognition of respondent's condition."