23 N.J. Super. 394 (1952)
93 A.2d 41
JOSE FERNANDEZ, AN INFANT BY MANUELLA FERNANDEZ, GUARDIAN AD LITEM, PETITIONER-APPELLEE,
v.
KIERNAN-HUGHES COMPANY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Hudson County Court Law Division.
Decided December 3, 1952.
*395 Mr. Louis Hoberman, attorney for the appellee (Mr. Robert C. Gruhin, of counsel).
Mr. Isidor Kalisch, attorney for and of counsel for the appellant.
ZIEGENER, J.C.C.
The respondent Kiernan-Hughes Company appeals from the determination of facts and rule for judgment in favor of Jose Fernandez, by Manuella Fernandez, guardian ad litem, made on July 15, 1952 by the New Jersey Department of Labor and Industry, Workmen's Compensation Division, for temporary and permanent disability, awarding compensation in the sums of $53.43 for temporary disability being for 2 3/7 weeks at $22 per week and $202.40 for permanent disability being for 4% of loss of left hand, or 9 1/5 weeks at $22 per week.
It was stipulated at the hearing in the Workmen's Compensation Division that petitioner's claim for compensation would be based on R.S. 34:15-31, known as the Compensable Occupational Disease Statute, as amended by L. 1949, c. 29, which provides that compensable occupational disease shall include all diseases arising out of and in the course of employment which are due to causes and conditions which are or were characteristic of or peculiar to a particular trade *396 or employment, or to the exposure of any employee to a cause arising out of and in the course of his employment.
Petitioner testified that on April 4, 1951, he was operating a sewing machine in respondent's plant, sewing cardboard for boxes, which he did by pushing the cardboard forward into the machine; that he had done this work for six months prior to said date, and that at the end of that day his left hand pained him. He reported the matter to his foreman the next day, and he was sent to respondent's clinic where he received medical treatment, and a splint was thereafter placed on his said hand by Dr. Mears who treated him for three weeks. He was told to remain away from work. His hand was in splints for about 13 days and he remained away from work for three weeks, returning and continuing to work for about four months, leaving then because he could not do the work, and taking employment elsewhere on a truck as a helper. The hand still pains him with a change of weather or when he lifts anything heavy.
Dr. J.E. Marcus, petitioner's medical witness, testified that he examined petitioner on July 5, 1951 and May 14, 1952. On the first date he found tenderness of the left forearm on pressure, with muscle tendon in that region slightly thickened and tender on pressure; also pain in the wrist and left thumb. He diagnosed the condition as being the residual effects of a strain of the left wrist and tenosynovitis of the left forearm, estimating the disability at 10% of the left hand. On May 14, 1952, when he again examined petitioner, his diagnosis was the same. He further testified that petitioner's injury was causally related to his employment.
The respondent offered no evidence in the matter, other than a report of its examining physician which disclosed examination and treatments given petitioner from April 6, 1951 to April 26, 1951, and the diagnosis of "tenosynovitis of the left wrist, extensor pollicis longus. crepitation."
Petitioner urges that since the disability is not denied, the burden is upon the employer to establish that it is due *397 to a cause other than the employment. Serignese v. Air Reduction Sales Co., 135 N.J.L. 317 (Sup. Ct. 1947). However, although this is so, the respondent here denies that the disability is the result of an occupational disease, contending that the petitioner has failed to establish this fact by a preponderance of the probabilities.
Petitioner cites many cases in which it has been held in this State, since the said amendment of 1949 as to occupational diseases, that under the liberal construction to be given to the act no unusual strain or exertion need be shown, Mills v. Monte Christi Corp., 10 N.J. Super. 162 (App. Div. 1950); Neylon v. Ford Motor Co., 13 N.J. Super. 56 (App. Div. 1951), appeal decided by the Supreme Court October 14, 1952, 10 N.J. 325, 91 A.2d 569. However, although this be so, it does not relieve the employee of establishing that his disability was the result of an occupational disease, which in my opinion he has failed to do. He has not presented any evidence or proof that tenosynovitus is a disease which is due to causes and conditions which are or were characteristic of or peculiar to the work which he was doing for the respondent. In this connection the court points out that petitioner was 18 years of age at the time and in good health, other than for the tenosynovitus, as set forth in the medical report (R2); and that there was nothing in the testimony indicating any strain or exertion whatever in the petitioner's work; that he worked for respondent only six months and that he left to take a job as a helper on a truck.
Although the numerous cases cited by the respondent were decided prior to the enactment of the 1949 amendment, yet we must look to these cases for a ruling defining occupational diseases, in all of which it has been held to be one which from common experience is visited upon persons engaged in a particular occupation in the usual course of events; also, one normally peculiar to and caused by the occupation of the employee, and to which every one similarly working is alike exposed, Bollinger v. Wagaraw Bldg. Supply *398 Co., 122 N.J.L. 512 (E. & A. 1939). The definition of an occupational disease is still the law after the passage of the 1949 amendment, the only difference being that prior thereto it was not compensable, unless the disability was specifically included as being a compensable one.
In this case the petitioner offered no proof that his disability was an occupational disease, or that it was one which developed gradually as he performed his work. All we have is that on April 4, 1951, at the end of the day his hand bothered him and that his wrist hurt him, no reason therefore being given by him. Nor does it appear from the evidence that petitioner's tenosynovitus is a condition which is peculiar to or characteristic of the conditions to which the petitioner was exposed during his employment.
I therefore find and determine that Jose Fernandez, the petitioner, has failed to establish that his disability is a compensable one, as the result of which the determination of facts and rule for judgment of the Workmen's Compensation Division dated July 15, 1952 is hereby reversed, and judgment dismissing the petition, and in favor of respondent Kiernan-Hughes Corp., will be entered in this Court.