42 N.J. Super. 307 (1956)
126 A.2d 385
HENRIETTA KREAM, PETITIONER-APPELLEE,
v.
PUBLIC SERVICE COORDINATED TRANSPORT, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1956.
Decided November 2, 1956.
*308 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Henry Sorenson argued the cause for respondent-appellant (Mr. David M. Sellick, attorney).
Mr. Aaron Gordon argued the cause for petitioner-respondent (Mr. Milton Albert, attorney).
The opinion of the court was delivered by CONFORD, J.A.D.
This is another in the stream of "heart" cases in the workmen's compensation field involving the question as to whether the workman's heart attack, here fatal, resulted from an "unusual strain or exertion" arising out of his employment. Snoden v. Borough of Watchung, 29 N.J. Super. 41, 44, 45 (App. Div. 1953), affirmed 15 N.J. 376 (1954), and cases cited therein, commencing with the leading and still authoritative decision, Lohndorf v. Peper Bros. Paint Co., 134 N.J.L. 156 (Sup. Ct. 1946), affirmed 135 N.J.L. 352 (E. & A. 1947); see also Mergel v. New Jersey Conveyors Corp., 14 N.J. 609 (1954), wherein Mr. Justice Brennan, concurring in the result (14 N.J., at page 614), synthesized the view of a minority of the Supreme Court that "if the injury occurred by reason of the strain at work, whatever the degree of the strain, there is an accident in the statutory sense and there is no occasion for an inquiry whether the strain was an event or happening beyond the mere employment itself." Cf. Lohndorf, supra (134 N.J.L., at page 160). Of course, the views of the members of this court with respect to that difference of opinion are *309 irrelevant as we are an intermediate appellate tribunal, bound by the continued adherence by the Supreme Court to the Lohndorf doctrine. Jersey Central Power & Light Co. v. City of Asbury Park, 128 N.J.L. 141, 146 (Sup. Ct. 1942), affirmed 129 N.J.L. 253 (E. & A. 1942).
We are clear that the case before us does not represent a situation of a heart attack occurring because of an unusual strain or exertion, "beyond the mere employment itself," within the language and holdings in Lohndorf and later cases, and that the affirmance by the Essex County Court of an award in the Compensation Division in favor of the petitioner must therefore be reversed. See also Becker v. City of Union City, 17 N.J. Super. 217, 224 (App. Div. 1952).
The decedent, aged 50, was a bus driver in the employ of the respondent. On February 2, 1952, a Saturday, he left his home in apparently good health at 9:00 A.M. and began work at about 9:58 A.M. on his regular Newark bus route. When he reached the Military Park (Newark) terminus at between 11:00 A.M. and 11:30 A.M., he phoned the respondent's station master, Ulbrich, at 20th Street and 16th Avenue, said he was ill, that he "had been sweating and he had the chills," and that he wanted to be relieved at 19th Street and 14th Avenue. This is a regular relief point in respondent's bus operations and decedent had his car parked at that location. The decedent had started his route from there that morning. Ulbrich told him he would be relieved there, and decedent drove his bus to that point, a distance of perhaps two miles through the city.
When decedent reached 19th Street and 14th Avenue he was relieved by another driver. He looked ill but declined a suggestion that he be driven home, preferring to drive his own car. On his way home he lost consciousness, his car veered across a street out of control, and it came to a stop against a retaining wall. A few minutes later he expired. There is no indication in the record whatever that decedent had any intimation that he was in the throes of a coronary attack before he died.
*310 An autopsy was performed on the body about two hours after death. The certification by the medical examiner indicates that the autopsy showed, among other things, "occlusive coronary arteriosclerosis." The "autopsy protocol" states, under item "15. Coronary Arteries": "* * * one area of complete occlusion in upper anterior descending branch. Another area of occlusion in a large branch of the circumflex near its origin. No thrombi." The "primary cause of death" is given as "coronary arteriosclerosis, severe, occlusive." There was no involvement of the heart muscle.
At the hearing in the Compensation Division the theory of petitioner's factual case was that the operation of the bus by the decedent from Military Park to the relief point had a causal relationship with his death, the effort aggravating an incipient condition of coronary insufficiency. For purposes of the ratio decidendi of this determination the details of the medical proof are not particularly significant. There is unanimity of opinion that decedent before the events of the day in question had a general condition of arteriosclerosis and that when he telephoned for relief he was in the early throes of a cardiovascular collapse. One expert for petitioner, Dr. Ritota, testified that any effort, even walking, was "an imposition" upon the decedent's heart in his then condition and driving the bus was a "contributing factor" to the death. Dr. Lieb testified for petitioner that the driving of the bus "aggravated the attack of coronary insufficiency which had already had its onset and contributed to and hastened the death that eventually happened."
Dr. York and Dr. Kaufman testified on behalf of respondent to the effect that there was no causal relationship between the driving of the bus and the death, although both admitted that the driving of the bus would not be medically indicated for a person undergoing the commencement of an attack of coronary insufficiency.
The Deputy Director in the Compensation Division found that the "accident" arose out of and in the course of the decedent's employment and made an award. He did not *311 consider at all the question as to whether there was shown an unusual strain or exertion in the employment.
The County Court evinced recognition of the requirements of the cases following the Lohndorf line but concluded in its "findings" that they were met. It said:
"* * * The exertion and emotional and nervous strain he experienced thereafter driving the bus through the city streets of Newark for a mile and a half under that unusual condition of having the commencement or beginning of a coronary attack seems to me to constitute the unusual event or strain to satisfy the requirements of our rule. There is ample evidence in the form of expert testimony in the record to sustain the hypothesis that but for his continued employment, that is, for his continued driving of the bus after advising his superior that he was ill and not being relieved, he wouldn't have died at the time he did. It is not necessary that it be found that he certainly would have lived. It is only necessary under our cases to find that it was a reasonable probability that he would not have died when he did but for the continued driving.
Where, as here, an employer through its proper superior officer has knowledge that an employee is ill and he does not then relieve the employee of his duties, even though he does not expressly direct him to continue with them, the fact that the employee in furtherance of his employer's business continues to perform these duties in that condition seems to me to constitute the unusual event or exertion. From what I have said it follows that decedent suffered an accident within the meaning of the rule laid down in the cases previously cited, and that the petitioner is entitled to recover compensation in the amount stipulated."
The record is clear that in driving the bus from Military Park to the relief point the decedent was doing his everyday job in his normal manner and that no unusual strain or exertion was involved insofar as concerns the nature of the work done. If, as the quoted excerpt from its opinion indicates the County Court apparently believed was the case, decedent in fact knew he was having a heart attack and was therefore suffering from "emotional and nervous strain" on account of that knowledge while driving, superimposed upon the physical effort of driving while in such a condition, a materially different legal situation might be presented and the unusualness of the experience possibly sufficient to satisfy the Lohndorf rule. Snoden v. Borough of Watchung, supra (unusual strain found because of "emotional or nervous *312 strain and anxiety" over failure of pump to operate for volunteer fireman at burning building). But the factual assumption by the County Court was entirely unfounded in the record. As already noted, there is nothing in the proof to show that the decedent realized the serious nature of his illness nor any other indication that he was suffering emotional or nervous strain. The fact that he drove his bus to the relief point on his own suggestion and there rejected advice that he allow himself to be driven home, as well as other minor incidents which need not be detailed, is indicative of the contrary. Indeed counsel for petitioner at the argument candidly disclaimed any assertion of an emotional or nervous strain and placed his case, as in the brief, on the flat position that the effort of driving the bus, while ordinarily not an unusual strain, became such when undertaken by a person then in fact undergoing a coronary attack, whether or not he knew what kind of illness had seized him.
But we are not persuaded that the rationale advanced meets the intent of the Lohndorf rule. In essence the argument advanced is that if in fact there is a causal relationship between the work effort and the fatal outcome of the attack, no matter what the character of the former, there is a compensable accident. But this assertion makes the very issue upon which the members of the Supreme Court are divided and the point urged is one which the majority of the court still rejects. Thus, while petitioner stresses that all the medical experts agreed that the driving of the bus by one in the actual cardiac condition of the decedent was contra-indicated, yet in the same paragraph in which the court in the Lohndorf case laid down the requisite that there be shown "an event or happening, beyond the mere employment itself," it stated (134 N.J.L., at page 160):
"Because an individual continues his occupation when rest is indicated or work contra-indicated and because by continuing the employment he becomes sick or disabled does not of itself form a basis for compensation."
Petitioner cites Todd v. Northeastern Poultry Producers Council, Inc., 9 N.J. Super. 348 (Cty. Ct. 1950), as a *313 supposed example of compensability for a heart attack aggravated by the driving of a car in employment. But the court there was at pains to stress the unusual and burden-some nature of the driving done by the employee. Petitioner also cites Dean Larson as authority for the view that the "unusual strain" doctrine is subject to an exception in cases "when exertion is continued after symptoms are felt." 1 Larson on Workmen's Compensation (1952), § 38.83, p. 564, and § 38.64(c), pp. 555, 556. But the only New Jersey case cited as authority by Larson is the inapposite Todd case, supra. Moreover, the author disclaims holding any brief for the logical validity of the distinction from the standpoint of unusualness, or accidental character of the event (p. 555), and there obviously is none. The other authorities cited by petitioner are decisions from other states, and they are plainly contrary to the New Jersey rule which we have no choice but to follow.
Judgment reversed.