53 N.J. Super. 300 (1958)
147 A.2d 286
RUTH STAFFORD, PETITIONER-RESPONDENT,
v.
PABCO PRODUCTS, INC., RESPONDENT-APPELLANT, AND CLARK STAFFORD, PETITIONER-RESPONDENT,
v.
PABCO PRODUCTS, INC., RESPONDENT-APPELLANT, AND UNITED STATES OF AMERICA, INTERVENOR.
Superior Court of New Jersey, Appellate Division.
Argued December 8, 1958.
Decided December 29, 1958.
*302 Before Judges CONFORD, FREUND and HANEMAN.
Mr. Roger F. Lancaster argued the cause for respondent-appellant (Messrs. Schreiber, Lancaster & Demos, attorneys).
Mr. Henry Harris argued the cause for petitioner-respondent (Messrs. Rothbard, Harris & Oxfeld, attorneys; Mr. Sidney Birnbaum, of counsel).
Mr. Chester A. Weidenburner, United States Attorney, filed brief on behalf of United States of America as an intervenor (Mr. George Cochran Doub, Assistant Attorney General; Messrs. Morton Hollander and Herbert E. Morris, attorneys).
The opinion of the court was delivered by FREUND, J.A.D.
The issue here is whether or not the appellant-employer, Pabco Products, Inc., is required to reimburse the United States Government for medical and hospital services rendered by the United States Veterans' Administration Hospital in East Orange to Clark Stafford, appellant's injured employee. Pabco appeals from a judgment of the Middlesex County Court, affirming the determination of the workmen's compensation Deputy Director that it is so required.
The facts are undisputed and have been submitted to us under an agreed statement. The original claim petitioner, Clark Stafford, 50 years of age, had worked 4 1/2 years for Pabco Products in the manufacture of linoleum. On January 26, 1956 he tried to open a large door in the drying room by pushing it with his right leg, and while doing so he felt a "pop" or "snap" in his right upper thigh, accompanied by pain and the later appearance of a lump in that area. The lump was eventually diagnosed as a liposarcoma. Stafford was treated at the Perth Amboy General Hospital and then transferred to the Veterans' Hospital, where he died from that condition on January 21, 1957. The $6.542 bill of the latter institution is conceded to be reasonable.
*303 The Workmen's Compensation Division determined that the accident had aggravated and accelerated a pre-existing liposarcoma requiring his hospitalization and causing his death. Stafford was awarded temporary compensation to the date of his death, and his widow was awarded death benefits. In further ordering the employer to pay all the medical expenses incurred in the treatment of the decedent, including the bill of the Veterans' Hospital, the Deputy Director said:
"The respondent denies liability for this bill, on the grounds that the Veteran's Hospital rendered these services gratuitously to the petitioner as a non-Service obligation. I do not agree with the conclusion that the Veteran's Administration should not be reimbursed by the respondent. There is no plausible reason why the Federal Government should assume and take over the expenses for the treatment of the decedent and thereby relieve the respondent of its legal obligation in the premises. The Veteran's Hospital rendered its service to the decedent in good faith and there is no reason why the taxpayers should be burdened with the costs rendered to the decedent as the result of a compensable accidental occurrence. To agree with [Pabco] would be against public policy and would react as a deterrent to the Veteran's Administration in giving similar services to veterans who need hospitalization and whose employer adamantly refuses to recognize its legal responsibility. * * *"
The County Court in its affirmance added:
"* * * Insofar as the deceased himself was concerned, he was given free hospitalization as part of his reward for having served his country rather than something for the benefit of an employer on whom is placed the primary obligation to furnish the injured workman necessary medical and hospital care. R.S. 34:15-15. If the decedent had selected a private hospital the respondent would certainly recognize the bill of the institution. * * *"
The statute creating the employer's liability for the medical and hospital services of an injured employee is R.S. 34:15-15, which reads in part:
"The employer shall furnish to the injured workman such medical, surgical and other treatment, and hospital service as shall be necessary to cure and relieve the workman of the effects of the injury and to restore the functions of the injured member or organ where such restoration is possible; * * *
If the employer shall refuse or neglect to comply with the foregoing provisions of this section the employee may secure such treatment *304 and services as may be necessary and as may come within the terms of this section, and the employer shall be liable to pay therefor; * * *"
The appellant-employer argues as grounds for reversal that this statute bestows rights only on the injured workman and that physicians or hospitals who have treated the employee receive no derivative rights thereunder, notwithstanding the necessity for such services. It is argued that the employer is answerable to the third party only in an action at law founded upon contract or quasi-contract  and then only if the services were rendered by the hospital at the behest of the employer.
In our judgment, however, R.S. 34:15-15 establishes a statutory duty on the employer's part to furnish his injured employee with necessary medical and hospital services. If the employer fails to provide these services, the employee may obtain them himself. It is not contended by the employer that the employee was not within the statute in obtaining hospital services for himself in the present case. In such a case, contrary to appellant's assertion that these provisions do not encompass reimbursement to third parties for providing such services, R.S. 34:15-15 does not limit the employer's liability to the employee but provides without pertinent qualification that the employer shall be liable for the services procured. We find further significance in the following provision of R.S. 34:15-15:
"* * * provided, however, that the employer shall not be liable for any amount expended by the employee or by any third person on his behalf for any such physicians' treatment and hospital services, unless [certain additional conditions in the statute are satisfied]." (Emphasis added)
This would appear to leave no question that reimbursement to third parties for hospitalization and medical care, as in this case, properly falls within the jurisdiction of the Workmen's Compensation Division.
Aside from the fact that Pabco itself has recognized by its concession of liability to the Perth Amboy General Hospital *305 the inherent implausibility of its construction of R.S. 34:15-15, the principal cases cited in support of its novel contention in fact support the Government's position. Moore v. Derees, 97 N.J.L. 378 (Sup. Ct. 1922); Mayor and City Com'rs of City of Jersey City v. Hudson County National Bank, 116 N.J.L. 593 (Sup. Ct. 1936); and Rosecrans v. Robert Reiner, Inc., 4 N.J. Misc. 769 (N.J. Dept. Labor 1926), all indicate that a workmen's compensation tribunal has jurisdiction in proceedings instituted by the employee (as here) to order the employer to pay a third party for necessary hospital or medical expenses which it has incurred in connection with the treatment of an employee for injuries resulting from a compensable accident (assuming the other statutory prerequisites are met). See also Bobertz v. Township of Hillside, 126 N.J.L. 416 (E. & A. 1941); D'Amico v. General Electric Supply Co., 22 N.J. Super. 199, 203 (App. Div. 1952), affirmed 12 N.J. 607 (1953); Osborne v. Consolidated Stone & Sand Co., 109 N.J.L. 590, 595 (Sup. Ct. 1932); Mecca v. Phoenix Brass Fittings Corp., 124 N.J.L. 6, 9 (Sup. Ct. 1940); McGimpsey v. Serrie, 1 N.J. Super. 282 (App. Div. 1949); Donofrio v. Haag Brothers, Inc., 10 N.J. Super. 258, 265 (App. Div. 1950).
The method of payment generally employed in and accepted by parties connected with workmen's compensation proceedings in the past further conduces to this result. We were advised at the oral argument that the employer's workmen's compensation insurance carrier normally reimburses the hospital or physician directly, without the necessity of having the employee receive or endorse the check made out for this purpose. That practice we regard as reflecting the general impression that parties who furnish medical or hospital services to employees were intended to have enforceable rights to reimbursement by the employers under R.S. 34:15-15 in workmen's compensation proceedings.
In view of the circumstance that the award to the Veterans' Hospital  incorporated as it was as part of the main judgment for the employee  followed the procedure *306 approved expressly or impliedly in the cited cases and in accord with the settled practical construction of the act, we do not consider the case where the hospital or physician institutes a direct action against the insurance carrier for services rendered. See Rabinowitz v. Massachusetts Bonding & Ins. Co., 119 N.J.L. 552 (E. & A. 1938).
It would appear that the real reason Pabco is denying any responsibility to the Veterans' Hospital is that it is operated under the auspices of the United States Government. The position Pabco assumed before the Deputy Director and before the County Court was that since the Federal Government furnishes hospital treatment without charge to any honorably discharged veteran who is unable to pay for it, the treatment in the present case did not constitute an expense of the employee-petitioner and was, therefore, not compensable by the employer.
On this phase of the case, we are in entire agreement with the sentiments expressed by the Deputy Director and by the County Court judge, quoted supra. The services made freely available to veterans by the Federal Government under 38 U.S.C.A. § 706 were not intended to relieve employers from their statutory obligation to provide medical treatment to their injured employees. See Higley v. Schlessman, 292 P.2d 411, 417 (Okl. Sup. Ct. 1956). Cf. Trustees of State Hospital of Middle Coal Field of Pennsylvania v. Lehigh Valley Coal Co., 267 Pa. 474, 110 A. 255 (Sup. Ct. 1920); Reichle v. Hazie, 22 Cal. App.2d 543, 71 P.2d 849 (D. Ct. Apps. 1937). Although appellant has on this appeal abandoned this argument, we are satisfied that Pabco could not have recommended for our consideration any reason in logic or policy for charging to the employer the cost of treatment given by state, county, municipal, or private hospitals and at the same time holding it not responsible to a federal veterans' hospital.
Moreover, the additional circumstances attending the arrangement between the United States Government and the injured employee relative to the provision of hospital treatment demonstrate conclusively that the federal program was *307 not intended to inure to the benefit of this employer. A veteran who may be entitled to recover his medical and hospital expenses under a state workmen's compensation statute is admitted to a federal hospital for a non-service-connected disability free of charge only upon the condition that he execute a power of attorney and agreement assigning any right of reimbursement to the Administrator of Veterans Affairs. 38 C.F.R. § 17.48(d) (1956). Stafford complied with this procedure in this case. It thus appears that the purpose of the federal statute and regulation thereunder is to ensure that a veteran needing hospital treatment for a non-service-connected disability will receive it without personal cost to himself, without benefiting any other person against whom the individual may have a claim for reimbursement.
We find no occasion to discuss the extent to which the 1953 Supplement to R.S. 34:15-15, i.e., N.J.S.A. 34:15-15.1, supports the Government's case. The Supplement authorizes an award to any "insurance company, corporation, person or organization" that pays for a medical, surgical or hospital service which, if paid for by the petitioner, would entitle him to reimbursement. N.J.S.A. 34:15-15.1 seems to have been enacted to benefit a third party who defrays the expenses of treatment  not a party who, as here, himself performs the services that give rise to the claim for reimbursement. For present purposes, we note only that the Supplement does not limit the employer's obligation as set forth in the original statute to pay for all proper medical and hospital charges.
The judgment is affirmed.