TROY MARSHALL (ADMINISTRATOR OF VETERANS AFFAIRS, INTERVENOR), v. REBERT'S POULTRY RANCH & EGG SALES, NATIONWIDE MUTUAL INSURANCE COMPANY.

(Filed 12 October, 1966.)

**Master and Servant § 76—**

The Administrator of Veterans Affairs may recover from the employer and its insurance carrier the cost of treatment in a Veterans Hospital for compensable injuries received by an indigent ex-serviceman in the course of his employment.

APPEAL by defendants from *Fountain, J.,* March 7, 1966 Session, DUPLIN Superior Court.

This proceeding originated as a claim filed by Troy Marshall before the North Carolina Industrial Commission for compensation and medical expenses growing out of an industrial accident. All jurisdictional facts were stipulated. The claimant was employed by Rebert's Poultry Ranch & Egg Sales as a day laborer. Nationwide Mutual Insurance Company was the insurer.

On the morning of February 26, 1962, the claimant suffered an injury by accident while on the job. The injury required immediate medical attention. (The findings and evidence fail to show the employer had any facilities for treating the injury.) Marshall went to his family physician who sent him immediately to the Veterans Hospital at Fayetteville. The employer's foreman was informed of such injury on the day it occurred.

The employee was an honorably discharged Veteran, having served in the Armed Forces from October, 1941 to December, 1945. The physician who referred claimant to the Veterans facility stated the only property he owns is his clothing, "which could all be put in one suitcase."

After Marshall was released from the Veterans Hospital, he received further treatment for the injury. The employer paid for that treatment. The Administrator of Veterans Affairs filed a claim for $672.00 for treatment at the Fayetteville Hospital. It is admitted that the charge is reasonable and that Marshall, on account of indigency, is not liable to the facility for the payment of this bill. The

Industrial Commission approved the bill and ordered it paid by the employer.

On appeal, Judge Fountain affirmed the order of the Industrial Commission. The defendants excepted and appealed.

*Robert L. Scott for defendant appellants.*

*The Veterans Facility did not file a brief and was not permitted to participate in the oral argument. However, the United States Attorney filed a motion to dismiss the appeal.*

HIGGINS, J. The defendants admit responsibility for the claimant's injury. They deny, however, liability to the Administrator of Veterans Affairs for the cost of treatment. The sole question presented by the appeal is whether the Administrator is entitled to require the employer and its insurance carrier to pay the bill for treating the indigent veteran's injuries resulting from his accident. The Veteran, being unable to pay for treatment, was entitled to such treatment at a Veterans Hospital free of charge. The claimant was admitted to the hospital upon a proper application.

By Congressional authorization, 38 U.S.C., § 610(a)(1), the Administrator of Veterans Affairs may provide medical care for eligible veterans who are unable to pay for such care. Section 621 authorizes the Administrator to prescribe rules and regulations governing the furnishing of hospital care. Under this authority the Administrator has provided that veterans will *not be* treated free of charge where there is liability: (1) against a third party; (2) against an employer under workmen's compensation; or (3) against an insurer. Veterans Regulation 6047(D), 6048(F)(1), 38 Code of Federal Regulations §§ 17.47 and 17.48(f).

The treatment which the Veterans facility furnished in this case was for a compensable injury — not for a service-connected or any other disability. The treatment began on the day of the injury, which arose out of and in the course of his employment. The bill was duly approved by the medical officer and by the Industrial Commission which ordered it paid to the Administrator of Veterans Affairs who had intervened.

This Court has never passed on the right of the Administrator of Veterans Affairs to require an employer to pay for the medical treatment furnished an indigent veteran for injury resulting from an industrial accident. Other courts, however, have passed on the question and have allowed the Administrator of Veterans Affairs to recover from the employer a reasonable charge for the treatment of an indigent veteran who was the victim of a compensable accident. In such case the Industrial Commission has jurisdiction to allow the

claim and to order it paid as a part of the employer's liability. *Stafford v. Pabco Products, Inc., and United States of America, Intervenor*, 53 N.J.S. 300, 147 A. 2d 286 (1958); *Donald E. Brauer, Veterans Administration, et al v. J. C. White Concrete Co., Employers Mutual Casualty Co., et al*, 253 Ia. 1304, 115 N.W. 2d 202 (1962); *Higley v. Schlessman*, 292 P. 2d 411 (Okla.).

We conclude that the Congress intended to provide free hospital treatment for indigent ex-servicemen who were in need of, but were unable to pay for, hospital treatment. This provision was made in consideration of the Veteran's previous service to his country. It does not, and was not intended to, relieve an employer of his statutory duty to provide medical treatment for his injured employees. In this case the North Carolina Industrial Commission approved the claim and ordered it paid. On appeal, Judge Fountain overruled all exceptions and entered judgment affirming the award. The judgment is

Affirmed.