**UNITED STATES of America,
Appellee,**

v.

**GOVERNMENT EMPLOYEES INSUR-
ANCE COMPANY, Appellant.**

No. 71–2036.

United States Court of Appeals,
Fourth Circuit.

Argued March 7, 1972.

Decided June 7, 1972.

Daniel Lee Brawley, Wilmington, N. C.
(Lonnie B. Williams and Marshall, Williams, Gorham & Brawley, Wilmington,
N. C., on brief), for appellant.

Samuel Huntington, Atty., Dept. of
Justice (L. Patrick Gray, III, Asst. Atty.
Gen., Morton Hollander, Atty., Dept. of
Justice, and Warren H. Collidge, U. S.
Atty., on brief), for appellee.

Before WINTER, CRAVEN and RUS-
SELL, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

The only issue involved in this case is
the right of the United States to recover
under the "Expenses for Medical Serv-
ices" provisions of a Family Automobile
Policy issued to one Elmer Riley Strick-
land, a retired member of the United
States Army, for medical services ren-
dered insured under obligation imposed
upon the United States by Section 1074
(b), 10 U.S.C.

There is no dispute that the insured
sustained injuries in an accident and
was entitled under the policy in question
to recover all medical and hospital ex-
penses he himself incurred, within cer-

tain monetary limits not relevant to this action. Since he was a retired member of the Army, he was, however, provided medical and hospital services at a Government institution and at Government expense. There is no controversy over the value of the services rendered. The United States sued to recover the value of such services, to the extent of the coverage, from the insurer. The District Court allowed recovery, 330 F.Supp. 1097. We affirm.

The insurer argues at the outset that the United States was without a right to recover herein under the Medical Care Recovery Act.[1] To this extent the United States agrees with the appellant insurer. It asserts that its right of recovery does not rest on the Medical Care Recovery Act but is based upon the insurance contract issued to Strickland by the insurer and it sues as a third-party beneficiary, entitled as such to recover under the "Expenses for Medical Services" provision of that contract. The policy obligates the insurer to pay, within certain limits not pertinent to this case, "all expenses incurred by or *on behalf of*" (italics added) the insured in connection with an accident. It specifically provides in the "Conditions" provision of the policy, that the insurer "may pay the injured person or any person or organization rendering *the services* * * *"". (Italics added.) These provisions were construed in United States v. United Services Automobile Association (5th Cir., 1970) 431 F.2d 735, cert. denied 400 U.S. 992, 91 S.Ct. 459, 27 L.Ed.2d 440, reh. den. 401 U.S. 984, 91 S.Ct. 1188, 28 L.Ed.2d 338,[2] to authorize the United States to recover as a third-party beneficiary for medical services rendered by the United States to an insured's dependent pursuant to Section 1076, 10 U.S.C.[3] This result appears

---

1. 42 U.S.C. §§ 2651–2653:

   "2651. Recovery by United States—conditions; exceptions; persons liable; amount of recovery; subrogation; assignment

   (a) In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment (including prostheses and medical appliances) to a person who is injured or suffers a disease, after the effective date of this Act, under circumstances creating a tort liability upon some third person (other than or in addition to the United States and except employers of seamen treated under the provisions of section 249 of this title) to pay damages therefor, the United States shall have a right to recover from said third party the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right to be subrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished. The head of the department· or agency of the United States furnishing such care or treatment may also require the injured or diseased person, his guardian, personal representative, estate, dependents, or sur- vivors, as appropriate, to assign his claim or cause of action against the third person to the extent of that right or claim.

   *       *       *       *       *

   (b) * * *
   (c) * * *
   § 2652 * * *

   "§ 2653. Limitation or repeal of other provisions for recovery of hospital and medical care costs

   This chapter does not limit or repeal any other provision of law providing for recovery by the United States of the cost of care and treatment described in section 2651 of this title. Pub.L. 87–693, § 3, Sept. 25, 1962, 76 Stat. 594."

2. See, also United States of America v. State Farm Mutual Automobile Insurance Company (10th Cir. 1972) 455 F.2d 789.

3. In response to the claim that the insured incurs no expenses when supplied military medical care one writer argues that the serviceman's right to free medical care is part of his pay, that his medical expenses are in effect prepaid, and that he thus personally incurs an expense within the meaning of the medical payment rider. See Gotting, Recovery of Medical Expenses and the Medical Care Recovery Act, 20 JAG J 75, 77 (December, 1965–January, 1966).

sound [4] and accords with what must have been the intent and understanding of the parties. It must be assumed that the insurer knew that its insured in this case was entitled to obtain medical services at the expense of the United States, as provided under Section 1074(b), 10 U.S.C. It had included as a separate part of its contract of insurance, for which it unquestionably charged a portion of its premium, this provision obligating itself to pay the medical expenses incurred as a result of an accident on behalf of the insured. To allow it to eliminate from its obligation, under this provision, any expenses incurred by the United States under the latter's statutory obligation to the insured would mean that the insurer actually would have been incurring no liability, or at least a most limited one, under this part of its policy, for which it had charged a portion of its premium. Certainly, the insurer had not intended—it undoubtedly had not adjusted its premium to take into account—any such "windfall" as would result in its favor by limiting its obligation under the "Expenses for Medical Services" portion of its policy as it now asks of the Court. It would be unconscionable so to limit it. See Government Employees Insurance Company v. United States (10th Cir. 1965) 349 F.2d 83, 85–86, cert. den. 382 U.S. 1026, 86 S.Ct. 646, 15 L.Ed.2d 539, reh. den. 385 U.S. 939, 86 S.Ct. 1064, 15 L.Ed.2d 857.

The insurer, however, asserts that the insurance policy is a North Carolina contract, to be construed in accordance with the laws of that State, and that Lenoir Memorial Hospital, Inc. v. Stancil (1965) 263 N.C. 630, 139 S.E.2d 901, is conclusive that the United States may not recover as a third-party beneficiary thereunder. *Lenoir Memorial* is an unusual case. A draft for the hospital expenses of the insured was issued jointly to the insured and the hospital where he had been treated. The insured indorsed it, and, without securing the indorsement of his co-payee or making payment of his hospital bill, cashed it. The insurer paid the check, without apparently noting that the hospital had not joined in the indorsement. Unable to collect from the insured, the hospital sued on the policy to recover, as a third-party beneficiary, of the insurer. Had the hospital prevailed, the insurer would have been subjected to a double recovery. Double recovery was properly denied under these circumstances. The Court proceeded, however, to add that recovery by the hospital as a third-party beneficiary was not authorized under the policy and this language is cited by the appellant as supporting its contention that, under North Carolina law, the United States may not recover herein. We do not so construe *Lenoir*. In that case, the hospital was a pure volunteer; it owed no statutory obligation to furnish the insured medical or hospital services. Here, on the other hand, the United States was not a volunteer; it, in rendering the service, was discharging a statutory obligation, little different from the common-law obligation of a parent to a minor child, and like the parent, it is entitled to recover for its expenses incurred by reason of its statutory obligation to the insured.

The judgment of the district court is affirmed.

Affirmed.

4. See generally, Long, Government Recovery Beyond the Federal Medical Recovery Act, 14 South Dakota L.Rev. 20, 34–37 (Winter, 1969).