TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 76–2056.

United States Court of Appeals, Fifth Circuit.

Sept. 1, 1977.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., William Kanter, Rex E. Lee, Asst. Atty. Gen., Neil H. Koslowe, Appellate Section, Civil Div., Dept. of Justice, Washington, D. C., for defendant-appellant.

James H. Doores, Amarillo, Tex., for plaintiff-appellee.

Before WISDOM, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This case presents the sole question of whether the United States can recover the cost of medical services provided through a Veterans Administration hospital to an injured veteran-employee covered by the Texas Workmen's Compensation Act, Texas Rev.Civ.Stat.Ann. arts. 8306–8309 (Vernon 1967). The legal issue is a variation of that decided in favor of the Government in *United States v. Bender Welding & Machine Co.*, —— F.2d ——, Docket Nos. 76–1770 and 76–1916, with which this case was consolidated. In those cases the employees were covered by the federal Longshoremen's compensation act, here by a state compensation act. The result, rationale, and holding of cases are the same. We treat this case separately only to more easily discuss the issue in the state compensation act context. Here the state board directed the compensation carrier to pay the cost of medical care provided by the V.A. hospital. The district court set aside that part of the award. We reverse the district court.

Adams, a veteran, was injured in the course of his employment with Affiliated Foods, Inc., a company subject to the Texas Workmen's Compensation Act. He was admitted to the Veterans Administration hospital, but transferred immediately to a private hospital for surgery. A few days later he returned to the V.A. hospital where he remained until his discharge two weeks later.

Adams had been admitted to the V.A. hospital only after the Veterans Administration had determined, in accordance with 38 U.S.C.A. § 610(a)(1)(B), that he was a veteran with a non-service-connected disability, and was "unable to defray the expenses of necessary hospital or nursing home care."[1] Subsequent to his release, Adams filed a claim for state workmen's compensation. The Veterans Administration then obtained an assignment of all workmen's compensation claims that he might have for medical services rendered by the Veterans Administration, and billed him for the cost of these services.

The Texas Industrial Accident Board approved a "compromise settlement" between Adams and Texas Employers' Insurance Association, which included "all accrued hospital and medical expenses resulting from [Adams'] injury—no exception." The carrier paid the private hospital bill but refused to pay the Veterans Administration's claim. The Board then ordered payment. On the carrier's petition for review, removed by the Government from the state court, the district court entered judgment for the carrier. The Government's appeal to this Court ensued.

1. Until amendment in 1976, the Veterans' Benefits Act provided in pertinent part:
(a) The Administrator, within the limits of Veterans' Administration facilities, may furnish hospital care or nursing home care which he determines is needed to—
(1) * * *
(B) any veteran for a non-service-connected disability if he is unable to defray the expenses of necessary hospital or nursing home care.

Veterans' Benefits Act of 1957, P.L. 85–56, § 510, 71 Stat. 111, *as amended* P.L. 85–857, 72 Stat. 1141 (1958); P.L. 87–583, 76 Stat. 381 (1962); P.L. 89–358, § 8, 80 Stat. 27 (1966); P.L. 93–82, § 102, 87 Stat. 180 (1973). *See also* 38 C.F.R. § 17.47 (1976). Congress in 1976 eliminated the male pronouns and substituted gender-neutral terms. 38 U.S.C.A. § 610 (Supp.1977).

The Texas Workmen's Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8306, § 7 (Vernon Supp. 1976–1977),[2] provides that an employee shall have the sole right to select or choose the persons or facilities to furnish medical aid, chiropractic services, hospital services, and nursing in connection with a job-related injury covered by the Act, "and the Association shall be obligated for same." The clear import of the statute is that the employer shall be liable to the employee for medical expenses incurred in the treatment of a compensable injury. There is no question in the instant case regarding the Act's coverage of the injury in question. Nor is there any question as to the private hospital's entitlement to the costs incurred for surgery and treatment. The Texas courts, discussing the predecessor statute, have held that a private physician and hospital that render medical services to an injured employee have a right to recover the costs incurred from the compensation carrier. *Maryland Casualty Co. v. Hendrick Memorial Hospital*, 169 S.W.2d 965 (Tex.Civ.App.—Eastland 1942), *aff'd*, 141 Tex. 23, 169 S.W.2d 969 (1943); *Texas Employers' Insurance Ass'n v. Herron*, 29 S.W.2d 524 (Tex.Civ.App.—Waco 1930, *writ dismissed*).

The only questions presented here are whether the employee can recover the cost of medical care that would have been furnished free by the V.A. hospital, but for the compensation coverage; and, if so, whether the Government is entitled to subrogation to the employee's rights, having taken an assignment pursuant to 38 C.F.R. § 17.48(d) (1976).[3] Based on the general purpose of the Texas Workmen's Compensation Act, which is not unlike the purpose of the federal Longshoremen's compensation act, and our opinion in *United States v. Bender Welding v. Machine Co.*, 558 F.2d 761, Docket Nos. 76–1770, 76–1916, decided with this case, we hold that the Government should be reimbursed by the compensation carrier for the medical expenses incurred.

■ Motivating the enactment of the Texas Workmen's Compensation Act was the broad economic theory that industrial accident costs should be chargeable to the industries as part of their overhead expenses. *Southern Surety Co. v. Inabnit*, 1 S.W.2d 412 (Tex.Civ.App.—Eastland 1927, *no writ*); *Employers Mutual Liability Insurance Co. v. Konvicka*, 197 F.2d 691 (5th Cir. 1952). The Texas courts have consistently held that the compensation laws should be liberally construed to further the remedial purposes for which they were enacted. *Travelers Insurance Co. v. Adams*, 407 S.W.2d 282 (Tex.Civ.App.–Texarkana 1966, *writ ref'd n. r. e.*).

■ The Veterans' Benefits Act, on the other hand, was intended to authorize free hospital care for non-service-connected injuries only to those veterans unable to defray the necessary medical costs. The Act was not intended to relieve an employer of his

2. Tex.Rev.Civ.Stat.Ann. art. 8306, § 7 (Vernon Supp. 1976–1977) provides:

The employee shall have the sole right to select or choose the persons or facilities to furnish medical aid, chiropractic services, hospital services, and nursing and the association shall be obligated for same or, alternatively, at the employee's option, the association shall furnish such medical aid . . . as may reasonably be required at the time of the injury and at any time thereafter to cure and relieve from the effects naturally resulting from the injury.

3. 38 C.F.R. § 17.48(d) (1976) provides in part:
(d) Persons hospitalized pursuant to paragraph . . . (d) . . . of § 17.47, who it is believed may be entitled to hospital care or medical or surgical treatment or to reimbursement for all or part of the cost thereof by reason of any one or more of the following:
(1) . . . (iii) "Workmen's Compensation" or "employer's liability" statutes, State or Federal; . . . or

(2) By reason of statutory or other relationships with third parties, including those liable for damages because of negligence or other legal wrong; will not be furnished hospital care, medical or surgical treatment, without charge therefor to the extent of the amount for which such parties, referred to in paragraph (d)(1) . . . of this section, are, or will become liable. Such patients will be requested to execute an appropriate assignment as prescribed in this paragraph. Patients who, it is believed, may be entitled to care under any one of the plans in paragraph (d)(1) of this section, will be requested to execute VA Form 10–2381, Power of Attorney and Agreement. . . . Notice of this assignment will be mailed promptly to the party or parties believed to be liable. When the amount of charges is ascertained, bill therefor will be mailed to such party or parties.

statutory duty of compensating an injured employee for the expenses incurred in the treatment of a job-related injury.

■ Effectuation of the purposes of both statutes requires a holding that the injured employee should be able to recover from the compensation carrier the costs of medical care furnished by the Veterans Administration. A contrary holding would be a windfall to the insurance carrier merely because the employee was a veteran able to obtain care at a V.A. hospital, and would be inconsistent with the right of recovery afforded a private hospital. No valid reason appears for drawing a distinction between the two, where the employee has been billed. Nor does a valid reason appear for burdening the Government with the costs of a job-related injury, which should more appropriately be borne by the employer.

REVERSED.