## No. 28472

**In Re Question submitted by the United States Court of Appeals, Tenth Circuit, Concerning the Colorado Automobile Accident Reparations Act (Sections 10-4-701 through 723, C.R.S. 1973) in its number 77-1906 entitled United States of America v. Criterion Insurance Co.**

(596 P.2d 1203)

Decided July 2, 1979.

Joseph F. Dolan, United States Attorney, James W. Winchester, Assistant, for plaintiff-appellant.

Deisch and Marion, P.C., Sheldon H. Smith for defendant-appellee.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is the answer to a question certified to us under C.A.R. 21.1 by the United States Court of Appeals, Tenth Circuit, in its number 77-1906. The question is: Assuming *arguendo* that the Colorado Automobile Accident Reparations Act, section 10-4-701 *et seq.*, C.R.S. 1973 has application to the automobile accident involved, does that Act grant to the United States status as a third party beneficiary to the end that it may maintain the present action against Criterion Insurance Company? We answer in the affirmative.

We requested, and the referring court agreed, that our answer would be predicated upon the following assumptions and conditions: that it be assumed without deciding that the law of the forum governs; that this court does not pass on any conflicts of law questions; that this court will not interpret Maryland law; and that there are no federal statutory provisions against recovery by the United States of America.

In presenting the matter to this court, the certifying court made the following statement:

"Joseph G. Blain, an Air National Guardsman on active duty in the Armed Forces of the United States, was injured in a motor vehicle accident in Denver, Colorado. At the time Blain was driving an automobile which he owned and which was registered in Maryland. Blain was insured by the Criterion Insurance Company of Maryland, and the policy contained so-called 'no-fault' provisions. The date of the accident was subsequent to the effective date of the Colorado Automobile Accident Reparations Act (the 'no-fault' automobile insurance law). C.R.S. 1973, § 10-4-701, *et seq.*

"Pursuant to 10 U.S.C. § 1701, *et seq.*, the United States is required to provide free medical care to members of the Armed Forces, and as a result of the accident Blain received medical treatment from the United States of a value of $1,479.00. The United States later made claim upon Criterion Insurance Company for payment of its medical expense in treating Blain, which claim was refused. The United States then filed suit against Criterion in the United States District Court for the District of Colorado, the claim for relief being based on the Federal Medical Care Recovery Act, 42 U.S.C. § 2651, *et seq.* and the Colorado 'no-fault' statute referred to above. By answer, Criterion denied liability to the United States. Criterion later filed a motion for summary judgment, and attached to the motion an affidavit of its assistant vice-president and a copy of its policy with Blain. The district court, after hearing, granted the motion and entered summary judgment for Criterion. The United States now appeals.

"On appeal, the United States does *not* urge the Federal Medical Care Recovery Act as authority requiring and permitting recovery by it in the present proceeding. Hence, this appeal narrows down to a determination as to whether the Colorado 'no-fault' statute creates a cause of action on behalf of the United States against Criterion. It is the position of the United States that the Colorado 'no-fault' statute governs the present controversy, and that the statute itself makes the United States a third party beneficiary and thus entitles it to maintain the present proceeding against Criterion. It is Criterion's position that, under the facts and circumstances which are not in dispute, the Colorado 'no-fault' statute has no application and that the present controversy is governed by Maryland law. It is Criterion's alternative position that if the Colorado 'no-fault' statute applies, the statute does not make United States a third party beneficiary entitled to maintain the present proceeding."

We are concerned only with Criterion's alternative position mentioned in the last sentence above.

Colorado's no-fault statute, the Colorado Auto Accident Reparations Act, is set forth in section 10-4-701 through 723, C.R.S. 1973, which constitute Part 7 of an article relating to "Property and Casualty Insurance." Section 705 provides that "[e]very owner of a motor vehicle who operates the motor vehicle on the public highways of this state . . . shall have in full force and effect a complying policy under the terms of this part 7 covering the said motor vehicle" or shall be subject to certain sanctions. Section 706(1) provides that "the minimum coverages required for compliance" include:

"(b) Compensation without regard to fault, up to a limit of twenty-five thousand dollars per person for any one accident, for payment of all reasonable and necessary expenses for medical, chiropractic, optometric, podiatric, hospital, nursing, X-ray, dental, surgical, ambulance and prosthetic services . . . ."

Section 711(4)(a) provides:

"Notwithstanding any of its other terms and conditions, every contract of liability insurance for injury, wherever issued, covering ownership, maintenance, or use of a motor vehicle, shall provide coverages at least as extensive as the minimum coverages required by operation of [section 706], and qualifies as security covering the vehicle while it is in this state."

For the purpose of this answer to the inquiry, it is assumed that Criterion is responsible for the *statutorily* required coverage above set forth. To repeat, the only question before us is whether the United States as a third party beneficiary can maintain an action to obtain reimbursement under this coverage.

It is clear that our General Assembly in the adoption of the no-fault statute intended to place a duty upon the insurer to pay *all* the medical expense which the insured incurred by reason of the accident, irrespective of who might have been the tortfeasor.[1] We conclude that it was the legislative intent that the provider be a third party beneficiary in a situation such as this before us.

Our attention has been called to only one case exactly in point in which the United States was found to be a third party beneficiary by reason of the provisions of a no-fault statute. *Government Employees Insurance Company v. Rozmyslowicz,* 449 F. Supp. 68 (E.D. N.Y. 1978). By analogy, our answer is supported by the following cases: *Texas Emp. Ins. Assn. v. United States,* 558 F.2d 766 (5th Cir. 1977); *United States v. Bender Welding & Machine Co.,* 558 F.2d 761 (5th Cir. 1977); *United States v. California State Automobile Association,* 530 F.2d 850 (9th Cir. 1976); *United States v. Automobile Club Insurance Company,* 522 F.2d 1 (5th Cir. 1975); *United States v. Government Employees Insurance Company,* 461 F.2d 58 (4th Cir. 1972); *United States v. State Farm Mutual Auto Insurance Co.,* 455 F.2d 789 (10th Cir. 1972); *United States v. Leonard,* 448 F.Supp. 99 (W.D.N.Y. 1978); *United States v. Government Employees Insurance Company,* 421 F.Supp. 1322 (N.D. N.Y. 1976); *United States Automobile Association v. Holland,* 283 So.2d 381 (Fla. App. 1973); *Marshall v. Rebert's Poultry Ranch,* 268 N.C. 223, 150 S.E.2d 423 (1966); *Stafford v. Pabco Products, Inc.,* 53 N.J. Super. 300, 147 A.2d 286 (1958).

The General Assembly in section 706 quoted above mandated payment by the insurer of "all reasonable and necessary [medical] expenses." The only exception provides that coverage be reduced by the amount of benefits received under Workman's Compensation. When benefits were to

---

[1] The General Assembly was not unmindful of the providers of medical services when it provided in the statute that benefits "may be paid by the insurer directly to any persons supplying necessary products, services or accommodations to the person for whom benefits are required. . . ." Section 708(2).

be paid under Workman's Compensation, the coverage shall be reduced to the extent of those benefits. Section 707(5).

Criterion contends that it should have no responsibility as there was an obligation on the part of the United States to furnish medical services to this serviceman. The fact remains that the United States incurred this expense as a result of an accident embraced within the policy provisions. As was stated in *United Services Automobile Assn. v. Holland,* 283 So.2d 381 (Fla. Ct. App., 1973):

"To allow [the insurer] to demand and receive from [the insured] the same insurance premium which it receives from all others not so favorably situated, and then to disclaim liability for the benefits it has agreed to pay because such benefits have been paid by the Government under mandatory requirements of law, would create a windfall in [the insurer's] favor and bring about an unconscionable and inequitable result."

■ Criterion has argued that under its insurance contract it should not be held liable. It points out that its policy provided:

"This insurance does not apply: (j) to the United States of America or any of its agencies as an insured, a third-party beneficiary, or otherwise."

It further contends that under established law there is not a sufficient contractual basis here to create a third party beneficiary relationship.

We do not accept the contentions. The provision specifically excluding the United States was abrogated by section 711(4)(a), C.R.S. 1973. *See University of Denver v. Industrial Commission,* 138 Colo. 505, 335 P.2d 292 (1959). Under our view of the legislative intent, the statute creates a third party beneficiary relationship.