**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**METROPOLITAN LIFE INSURANCE**
**CO., Defendant-Appellant.**

**No. 81–5501.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 1982.

Decided Aug. 11, 1982.

Rehearing Denied Oct. 12, 1982.

---

William S. Hawgood, II, Phoenix, Ariz., for defendant-appellant.

---

under § 5010(b) was to be discharged under § 5017(c), and a person sentenced under § 5010(c) was to be discharged under § 5017(d).

**8.** *See* note 4, *supra*.

George B. Nielsen, Jr., Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before ANDERSON, SKOPIL and CANBY, Circuit Judges.

SKOPIL, Circuit Judge:

The Government filed a complaint against Metropolitan Life Insurance Co. ("Metropolitan") seeking reimbursement for costs of medical services provided to veterans by the Veterans Administration. From a grant of summary judgment for the United States Metropolitan appeals. We reverse.

## FACTS

Ten veterans insured by Metropolitan received non-service related medical treatment at V.A. facilities in Arizona. Certified as "unable to defray ... expenses" pursuant to 38 U.S.C. § 610(a)(1)(B) (1979),

they received hospital care without cost.[1] In declaring themselves unable to pay, the veterans considered "entitlement to medical care under an insurance policy," but concluded that even with Metropolitan coverage they could not afford private medical care.[2]

Coincident with assertion of an inability to pay, the veterans assigned their rights to insurance benefits to the Veterans Administration. It is undisputed that the veterans could assign to the Government only benefits they themselves had. *See, e.g., Lount v. Mosher,* 115 F.2d 903 (9th Cir. 1940), *cert. denied,* 313 U.S. 581, 61 S.Ct. 1097, 85 L.Ed. 1537 (1941). Metropolitan asserts that because the veterans had no right to payment for medical services "obtained without cost,"[3] they could not assign a right of repayment to the Government.

In support of its position the insurer relies heavily on a federal case directly on point, *United States v. St. Paul Mercury Indemnity Co.,* 238 F.2d 594 (8th Cir. 1956). There the court determined that under contractual provisions similar to Metropolitan's

---

1. We note that at the time of this case inability "to defray necessary expenses" under 38 U.S.C. § 622(a) was accepted on the basis of mere statement under oath. As of August 1980 assertions of inability to pay are presumptively valid only if made by veterans receiving Medicaid, receiving a VA pension, or having service-connected disabilities.

38 U.S.C. § 622 reads as amended:

*Evidence of inability to defray necessary expenses*

For the purposes of sections 610(a)(1)(B), 610(b)(2), 624(c), and 632(a)(2) of this title, the fact that an individual is—

(1) eligible to receive medical assistance under a State plan approved under title XIX of the Social Security Act (42 U.S.C. 1396 et seq.);

(2) a veteran with a service-connected disability; or

(3) in receipt of pension under any law administered by the Veterans' Administration; shall be accepted as sufficient evidence of such individual's inability to defray necessary expenses.

As amended Pub.L. 96–330, Title IV, § 401(a), Aug. 26, 1980, 94 Stat. 1051.

2. Under Metropolitan policies, coverage is provided for 80% of an insured's first $2,500 of expenses. For $2,500 of medical expenses,

therefore, the insured must personally pay $500.

3. Metropolitan policies specifically exclude:

(k) Expenses for services received by the Employee or Dependent which, in accordance with laws or regulations of any government, *are or may be obtained without cost* or at a reduced cost to such person, *except* as provided by the following sentence. *If a charge is made to any such person which he is legally required to pay,* any benefits under the Group Policy will be computed in accordance with the provisions of the Group Policy, taking into account *only such charge.* "Any government" includes the Federal, State, Provincial or local government or any political subdivision thereof, of the United States or Canada.

(n) *Expenses for services for which there is no cost to the Employee or Dependent,* or which are provided by any other medical, surgical or hospital plan which the Employer (or any company subsidiary to or affiliated with the Employer) contributed to or otherwise sponsors. (Emphasis added.)

free medical treatments from a V.A. hospital were not "expenses actually incurred". The court therefore denied the Government a right of reimbursement from the insurer. *Id.* at 598. *See also Drearr v. Connecticut General Life Insurance Co.*, 119 So.2d 149, 153 (La.App.1960).

The present case is distinguished from cases in which the Government has been granted reimbursement on a third party beneficiary theory. *See United States v. Nationwide Mutual Insurance Co.*, 499 F.2d 1355, 1357 (9th Cir. 1974); *United States v. Automobile Club Insurance Co.*, 522 F.2d 1, 3–4 (5th Cir. 1975); *cf. United States v. California State Automobile Ass'n*, 530 F.2d 850, 851–52 (9th Cir. 1976) (government entitled to recover as an "insured" under terms of policy). These cases involve policy provisions allowing payment to any person or organization rendering services "to or for" the named insured. The Metropolitan policy does not include such a provision. The Metropolitan policy is devoid of any language which would give the Government the right to recover as a third party beneficiary. *See United States v. Dairyland Insurance Co.*, 674 F.2d 750, 751–52 (8th Cir. 1982). *Compare United States v. Government Employees Insurance Co.*, 461 F.2d 58 (4th Cir. 1972).

The present case must also be distinguished from cases in which reimbursement arose out of a statutory compensation scheme such as workers' compensation. *See United States v. Bender Welding & Machine Co.*, 558 F.2d 761, 764 (5th Cir. 1977); *Texas Employers Insurance Ass'n v. United States*, 558 F.2d 766, 769 (5th Cir. 1977), *cert. denied*, 439 U.S. 826, 99 S.Ct. 98, 58 L.Ed.2d 119 (1978). Based upon public policy the courts have consistently recognized that statutory compensation presents a unique situation. *See United States v. Kirkland*, 405 F.Supp. 1024 (E.D.Tenn.1975). *Compare United States v. Bear Brothers, Inc.*, 355 So.2d 1133, 1139 (Ala.Civ.App. 1978).

Similarly, Congress has recognized that recovery or non-recovery by the Veterans Administration is different under private health insurance policies as contrasted to workers' compensation or automobile accident reparation coverage. The Senate Committee on Veterans Affairs noted that "the justification for the provisions relating to recoveries in workers' compensation and automobile accident reparation (hereinafter referred to as 'auto no-fault') situations were separable from the many difficult issues raised by provisions intended to enable the V.A. to recover from Veterans private health insurance carriers." S.Rep.No.747, 96th Cong., 2d Sess. 103, *reprinted in* 1980 U.S.Code Cong. & Ad.News, 2463, 2541. It is apparent that Congress was concerned about the differences between the types of coverage and the contract provisions.

The Metropolitan policy conditions the contract right to reimbursement upon the insured first "incurring expense." *See United States v. St. Paul Mercury Indemnity Co.*, 238 F.2d at 598; *Research Medical Center v. Safir*, 616 S.W.2d 553, 556 (Mo. App.1981); *Sanner v. Government Employees Insurance Co.*, 150 N.J.Super. 488, 376 A.2d 180, 184–85 (1977), *aff'd*, 75 N.J. 460, 383 A.2d 429 (1978). *See also New Mexico v. Equitable Life Assurance Society*, 447 F.2d 620, 623–24 (10th Cir. 1971). This provision is dispositive in the instant case and exempts Metropolitan from liability.

REVERSED and REMANDED to the district court with directions to enter judgment in favor of Metropolitan.