UNITED STATES of America, Plaintiff,

v.

**ALLSTATE INSURANCE CO.,**
**Defendant.**

No. C–84–0860.

United States District Court,
D. Hawaii.

April 16, 1985.

Asst. U.S. Atty. Peter Axelrod, Honolulu, Hawaii, for plaintiff.

Richard Sutton, Jr., Honolulu, Hawaii, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

QUACKENBUSH, District Judge, Sitting by Designation.

AS SCHEDULED, the parties' cross-motions for summary judgment came on for oral argument in Honolulu, Hawaii on February 19, 1985. Assistant United States Attorney Peter Axelrod appeared on behalf of the government; the defendant was represented by Richard Sutton.

Based upon the record and the oral presentations of counsel, and for the reasons discussed below, the court rules as follows: the government's motion for summary judgment is DENIED; defendant Allstate Insurance Company's motion for summary judgment is GRANTED.

### FACTUAL BACKGROUND

On August 21, 1982 Thomas L. Stratham was injured when he lost control of his motorcycle while riding at Bellows Air Force Station, Hawaii. No other persons or vehicles were involved in the accident. Stratham, a member of the United States Navy, was initially treated at a nearby civilian hospital but was then transferred to Tripler Army Medical Center, Hawaii, where he was hospitalized for six days. As required by law, the United States paid for Stratham's treatment at the civilian facility

($168.10) and did not charge him for the costs ($2,436.00) of the medical services provided at the military hospital.[1]

In February 1983, the United States submitted a claim in the amount of $2,604.10 (civilian and military medical expenses) to defendant Allstate Insurance Company (Allstate), the insurer of Stratham's motorcycle. Allstate responded by tendering a check in the amount of $168.10 as reimbursement for the civilian treatment only, and refused to pay for the services rendered at the army facility. The government declined the partial payment, and in August 1984 initiated this action to recover the total amount expended for Stratham's treatment. Allstate denies that it is obligated to pay the military treatment portion of the claim.

## DISCUSSION

While this case does involve an issue of first impression under Hawaii law,[2] there is nothing novel about the United States' claim for reimbursement for expenses incurred in the treatment of injured service personnel. Note, *The Medical Care Recovery Act in No-Fault Automobile Insurance Jurisdiction: Extensions of the Federal Right of Reimbursement Against No-Fault Insurers*, 21 B.C.L.Rev. 623, 631 n. 49 (1980) (thousands of claims submitted annually).

The principal tool utilized by the government to collect those claims is the Federal Medical Care Recovery Act (FMCRA). 42 U.S.C. §§ 2651–2653 (1976). Simply stated, that act creates an independent right in the United States to recoup any sums spent for the medical care of an injured serviceman from a third-party tortfeasor.[3] As an alternative to its federal statutory right, the government also relies on a non-federal basis for recovery, asserting a right under a state statute or under contract law. Specifically, the United States claims rights as an "insured" or as an intended third-party beneficiary of the insurance contract between the servicemember and the insurance company.[4] Inasmuch as the FMCRA is not applicable to the facts of this case,[5]

1. The federal government is required to provide free medical care to injured members of the United States armed forces. 10 U.S.C. §§ 1071–1087 (1976).

2. As discussed *infra,* the United States' entitlement to the claimed benefits turns on the interpretation of Hawaii law. The resolution of the novel issue presented here obviously has implications beyond the $2,604.10 involved in this case. For that reason, it would be appropriate to certify the question to the Hawaii Supreme Court to allow that court the opportunity to set the precedent. *See United States v. Travelers Indemnity Co.,* 253 Ga. 328, 320 S.E.2d 164 (1984) (on certification from the United States Court of Appeals for the Eleventh Circuit, held that United States was not entitled to reimbursement); *United States v. Criterion Insurance Co.,* 198 Colo. 132, 596 P.2d 1203 (1979) (on certification from the United States Court of Appeals for the Tenth Circuit, held that United States was third-party beneficiary of no-fault insurance policy). Unfortunately, the Hawaii Supreme Court accepts issues certified only from federal appellate courts. Haw.Rev.Stat. § 602-36; Haw. Rules of App.Pro. 13(a).

3. For a detailed discussion of FMCRA see Bernzweig, *Public Law 87–693: An Analysis and Interpretation of the Federal Medical Care Recovery Act,* 64 Colum.L.Rev. 1257 (1964).

4. The government's alternate theory of recovery has had mixed results. *See e.g., United States v. Metropolitan Life Insurance,* 683 F.2d 1250 (9th Cir.1982) (United States not entitled to recover as third-party beneficiary); *United States v. Dairyland Insurance Company,* 674 F.2d 750 (8th Cir.1982) (no recovery on third-party beneficiary theory); *Heusle v. National Mutual Insurance Co.,* 628 F.2d 833 (3rd Cir.1980) (United States not third-party beneficiary of statute or insurance policy); *United States v. Government Employees Insurance Co.,* 605 F.2d 669 (2nd Cir.1979) (United States entitled to reimbursement); *United States v. Government Employees Insurance Co.,* 461 F.2d 58 (4th Cir.1972) (United States held entitled to recover as third-party beneficiary); *United States v. State Farm Mutual Automobile Insurance Co.,* 455 F.2d 789 (10th Cir.1972) (United States' expenses reimburseable as a third-party beneficiary).

5. FMCRA creates a right in the United States as against third-party tortfeasors. The elimination of tort liability in no-fault insurance jurisdictions has stirred a debate (and conflict among the courts) as to whether no-fault laws have abrogated that federal right. *See Note, The Medical Care Recovery Act in No-Fault Automobile Insurance Jurisdictions: Extensions of the Federal Right of Reimbursement Against No-Fault Insurers,* 21 B.C.L.Rev. 623 (1980). That troublesome issue, however, is not before this

the plaintiff has focused entirely on the language of Hawaii's no-fault law and Stratham's insurance policy. Consequently, the government's claim for reimbursement must turn on an interpretation of the no-fault statute and the Allstate policy.

The government offers two primary arguments in support of its claim to reimbursement. First, it argues that it is entitled to benefits from Stratham's policy by the language of Hawaii's no-fault insurance law. The plaintiff's second argument is that the United States should be reimbursed as an intended third-party beneficiary of that insurance policy. Each of these contentions will be addressed separately.

### 1. *Hawaii's No-Fault Law:*

In 1973 the Hawaii legislature enacted its first comprehensive no-fault insurance law. The stated purpose of that law is "to create a system of reparations for accidental harm and loss arising from motor vehicle accidents, to compensate these damages without regard to fault, and to limit tort liability for those accidents." Hawaii Rev.Stat. § 294–1. The effect of that law is to create a two-tiered system for recovery of personal injury losses from vehicle accidents. For such losses less than or equal to $15,000, an injured person's exclusive remedy is an insurance claim—tort liability is abolished. For losses in excess of $15,000 an injured person is free to seek damages in tort or payment under his insurance policy. Because the government's claim here is $2,604.10, the provisions of the no-fault law control.

Hawaii's no-fault law states that "every person, insured under this chapter ... suffering loss from accidental harm [from a motor vehicle] ... has a right to no-fault benefits." Hawaii Rev.Stat. § 294–3(a). Those benefits include, *inter alia*, "[a]ll appropriate and reasonable expenses necessarily incurred for medical, hospital, surgi-

cal, professional nursing, dental, optometric, ambulance, prosthetic services, products and accommodations furnished...." Hawaii Rev.Stat. § 294–2(10)(A). The fact that Stratham "incurred" no expenses for the medical care furnished is not, as the defendant argues, determinative of whether the government is entitled to benefits. Clearly, the government "incurred" an expense in the form of services rendered. *United States v. California State Automobile Association*, 530 F.2d 850, 851 n. 1 (9th Cir.1976). The critical question here is whether the United States is a "person, insured under this chapter ... suffering loss from accidental harm." Hawaii Rev. Stat. § 294–3(a).

■ Allstate argues that the plaintiff is not a "person, insured" and has not suffered any "accidental harm." This court agrees. Although there is no statutory definition of "persons, insured under this chapter," a reading of the statute as a whole leads this court to conclude that only the following persons are "insured": those persons identified by name in the policy; a spouse or other relative residing in the same household with the named insured; operators, occupants, or users of the insured vehicle; and pedestrians, bicyclists or moped operators injured by the insured vehicle. The United States does not fall within any of those categories.

Additional support for the court's conclusion that the United States' claim is not covered by the no-fault law is the statutory definition of "accidental harm." Section 294–2(1) defines "accidental harm" as "bodily injury, death, sickness, or disease caused by a motor vehicle accident to a person." Obviously, the United States cannot, and does not, argue that it has suffered such harm. Rather, the United States argues that it has suffered a "loss" (the cost of the medical services) as the result of the "accidental harm" suffered by

court. Since Stratham's accident involved no other vehicles or persons, the United States could not rely on FMCRA even in the absence of Hawaii's no-fault law. In other words, the fact that Hawaii has eliminated tort liability for

some accidents is immaterial to this case. The only reason the court must focus on the language of Hawaii's no-fault statute is simply because that statute governs accidents involving damages of $15,000 or less.

Stratham. Hawaii Rev.Stat. § 294–3. While that argument is not without some appeal, it has, however, been rejected by the Supreme Court of Hawaii. In *Wong v. Hawaiian Insurance Companies*, 64 Haw. 189, 637 P.2d 1144 (1981) the court stated " 'loss from accidental harm' referred to in HRS § 294–3(a) means a loss which is sustained by the person injured." Stratham— not the United States—is the "person injured." It is *his* "loss" (zero in this case) which is compensable under the statute— not the loss of the United States. Accordingly, the plaintiff is not entitled to reimbursement under the language of Hawaii's no-fault law.

### 2. *The Insurance Policy:*

■ The next question to be resolved is whether the United States is entitled to benefits as a third party beneficiary of Stratham's policy. The threshold question, not addressed by the parties, is whether Hawaii or federal law should be applied. Since the United States invoked this court's jurisdiction under 28 U.S.C. § 1345, this suit is not controlled by *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and application of Hawaii law is not mandated. *United States v. State of California*, 655 F.2d 914, 916–917 (9th Cir.1980). Nevertheless, as there are no appropriate federal rules governing the interpretation of insurance contracts, the court must look to the substantive law of Hawaii. *United States v. Nationwide Mutual Insurance Co.*, 499 F.2d 1355, 1356– 57 (9th Cir.1974).

Hawaii courts have adopted the law of third-party contract beneficiaries as set forth in Section 302 of the Restatement (Second) of Contracts (1981). *See Harris v. Waikane Corp.*, 484 F.Supp. 372 (D.Hawaii 1980); *Jones v. Don L. Gordon Corp.*, 60 Hawaii 12, 586 P.2d 1024 (1978). Section 302, applied to this action, states in pertinent part:

Unless otherwise agreed between promisor [Allstate] and promisee [Stratham], a beneficiary [United States] of a promise

is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and … the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

The issue then is whether Stratham intended to benefit the United States.

To demonstrate Stratham's intent the government has relied solely on the language of the insurance policy. The government does not contend that the designation of the United States Navy as "employer" on Stratham's application for insurance manifests his intent to benefit the United States. Rather, the plaintiff argues that Stratham's intent is evidenced by the fact he signed a contract which obligates Allstate to provide no fault benefits "on account of accidental harm sustained by an eligible injured person" and that the United States falls within that category of beneficiaries. Essentially, that is the same argument the government makes in regard to the no-fault statute and for similar reasons it must be rejected as applied to the insurance contract.

■ The United States is not an "eligible injured person" as that term is defined in the policy. To be categorized as such the government would have to be a named insured, a relative who resides with the named insured, or "any other person who sustains accidental harm arising out of the operation, maintenance or use of the … the insured motor vehicle." Assuming without deciding that the government is "any other person", it has not sustained "accidental harm", *i.e.*, it has not sustained any "bodily injury, death, sickness, or disease." Thus, it is not an "eligible injured person." Since Allstate only promised to pay no-fault benefits to "eligible injured persons", the United States is not an intended beneficiary of the promised performance. Consequently, the plaintiff is not a third-party beneficiary of the no-fault coverage in Stratham's insurance contract.[6]

---

6. The court's ruling applies only to the policy's    no-fault coverage. Had the government expend-

Accordingly, the court concludes that the United States is not entitled to reimbursement under the insurance policy. The plaintiff's motion for summary judgment is DENIED; the defendant's summary judgment motion is GRANTED. Judgment shall be entered in favor of the defendant.

IT IS SO ORDERED. The Clerk is directed to enter this Order and forward copies to counsel.

ed more than $15,000 for Stratham's medical care other provisions of the policy would have been applicable and the result may have been different. *See United States v. California State Automobile Association,* 530 F.2d 850 (9th Cir. 1976) (policy language almost identical to the "Liability Protection" provision of Stratham's policy held to entitle United States to reimbursement for medical expenses of insured serviceman.)