**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**CRITERION INSURANCE CO.,**
**Defendant-Appellee.**

**No. 77–1906.**

United States Court of Appeals,
Tenth Circuit.

Argued Aug. 11, 1978.
Decided Nov. 22, 1978.

**40**

Joseph F. Dolan, U. S. Atty., Denver, Colo. (James W. Winchester, Asst. U. S. Atty., Denver, Colo., on the brief), for plaintiff-appellant.

Sheldon H. Smith, Denver, Colo. (Deisch & Marion, P. C., Denver, Colo., on the brief), for defendant-appellee.

Before McWILLIAMS and BARRETT, Circuit Judges, and COOK, District Judge.*

McWILLIAMS, Circuit Judge.

## CERTIFICATION OF QUESTIONS OF STATE LAW

The United States Court of Appeals for the Tenth Circuit, pursuant to the provisions of Colorado Appellate Rule 21.1, hereby certifies to the Colorado Supreme Court the following questions of Colorado law which are deemed to be dispositive of a cause now pending before this Court, and as to which this Court is in doubt as to whether there are controlling precedents in decisions of the Colorado Supreme Court or the Colorado Court of Appeals:

(1) Does the Colorado Automobile Accident Reparations Act, C.R.S. 1973, § 10-4-701 have application to the automobile accident which precipitates the present controversy?

(2) If the answer to the first question be in the affirmative, then, does the Colorado Automobile Accident Reparations Act grant to the United States status as a third party beneficiary to the end that it may maintain the present action against Criterion Insurance Company?

## STATEMENT OF FACTS

Joseph G. Blain, an Air National Guardsman on active duty in the Armed Forces of the United States, was injured in a motor vehicle accident in Denver, Colorado. At the time Blain was driving an automobile which he owned and which was registered in Maryland. Blain was insured by the Criterion Insurance Company of Maryland, and the policy contained so-called "no-fault" provisions. The date of the accident was subsequent to the effective date of the Colorado Automobile Accident Reparations Act (the "no-fault" automobile insurance law). C.R.S. 1973, § 10-4-701, et seq.

Pursuant to 10 U.S.C. § 1071, et seq., the United States is required to provide free medical care to members of the Armed Forces, and as a result of the accident Blain received medical treatment from the United States of a value of $1,479.00. The United States later made claim upon Criterion Insurance Company for payment of its medical expense in treating Blain, which claim was refused. The United States then filed suit against Criterion in the United States District Court for the District of Colorado, the claim for relief being based on the Federal Medical Care Recovery Act, 42 U.S.C. § 2651, et seq. and the Colorado "no-fault" statute referred to above. By answer, Criterion denied liability to the United States. Criterion later filed a motion for summary judgment, and attached to the motion an affidavit of its assistant vice-president and a copy of its policy with Blain. The district court, after hearing, granted the motion and entered summary judgment for Criterion. The United States now appeals.

On appeal, the United States does *not* urge the Federal Medical Care Recovery Act as authority requiring and permitting recovery by it in the present proceeding. Hence, this appeal narrows down to a determination as to whether the Colorado "no-fault" statute creates a cause of action on behalf of the United States against Criteri-

* Of the United States District Court for the Northern District of Oklahoma, sitting by designation.

on. It is the position of the United States that the Colorado "no-fault" statute governs the present controversy, and that the statute itself makes the United States a third party beneficiary and thus entitles it to maintain the present proceeding against Criterion. It is Criterion's position that, under the facts and circumstances which are not in dispute, the Colorado "no-fault" statute has no application and that the present controversy is governed by Maryland law. It is Criterion's alternative position that if the Colorado "no-fault" statute applies, the statute does not make United States a third party beneficiary entitled to maintain the present proceeding.

In certifying to the Colorado Supreme Court the above-stated questions of state law, this Court is uncertain as to the correct answers, under Colorado law, to the questions thus presented.

The Clerk of this Court is directed to send a copy of this certification order to the parties to the proceedings in this Court. The Clerk shall also send to the Colorado Supreme Court copies of the briefs filed in this Court by the parties and either the original or a copy of the record as filed by the Clerk of the United States District Court for the District of Colorado in this appeal.