**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**CRITERION INSURANCE CO.,
Defendant-Appellee.**

**No. 77–1906.**

United States Court of Appeals,
Tenth Circuit.

Argued Aug. 11, 1979.

Decided Oct. 29, 1979.

in Maryland. Blain was insured by Criterion Insurance Company of Maryland, and the policy contained so-called "no-fault" provisions. The date of the accident was subsequent to the effective date of the Colorado Auto Accident Reparations Act (the "no-fault" automobile insurance law) C.R.S. 1973, § 10–4–701, *et seq.*

Pursuant to 10 U.S.C. § 1071, *et seq.*, the United States is required to provide free medical care to members of the Armed Forces, and Blain received, without charge, medical treatment of a value of $1,479 from the United States in connection with injuries sustained in the accident. The United States later made claim against Criterion Insurance Company for payment of medical expenses incurred in treating Blain, which claim was refused. The United States then filed suit against Criterion in the United States District Court for the District of Colorado. In its complaint the United States sought judgment against Criterion for the value of the medical services provided Blain by the United States in treating the injuries sustained by Blain in the automobile accident, namely $1,479.

The claim of the United States was based on the Federal Medical Care Recovery Act, 42 U.S.C. §§ 2651–53 and the Colorado "no-fault" statute above referred to. By answer Criterion denied liability under 42 U.S.C. § 2651. Criterion further alleged that the United States was neither a beneficiary nor an insured under the Colorado "no fault" statute and hence it was not obligated under the Colorado "no-fault" statute to make any payment to the United States.

Criterion next filed a motion for summary judgment, and attached to the motion an affidavit of its assistant vice-president and a copy of its policy with Blain. The trial court, after a hearing, granted the motion and entered summary judgment for Criterion. The United States now appeals.

The judgment of dismissal is just that, and nothing more, that is, a judgment

Joseph F. Dolan, U. S. Atty., Denver, Colo. (James W. Winchester, Asst. U. S. Atty., Denver, Colo., on brief), for plaintiff-appellant.

Sheldon H. Smith, Denver, Colo. (Deisch & Marion, P. C., Denver, Colo., on brief), for defendant-appellee.

Before McWILLIAMS and BARRETT, Circuit Judges, and COOK, District Judge.*

McWILLIAMS, Circuit Judge.

Joseph G. Blain, an Air National Guardsman on active duty in the Armed Forces of the United States, was injured in a motor vehicle accident in Denver, Colorado. At the time Blain was driving an automobile which he owned and which was registered

* Of the United States District Court for the Northern District of Oklahoma, sitting by designation.

granting Criterion's motion for summary judgment and dismissing the United States' complaint and action. The judgment entered gives no clue as to the trial court's reasoning. The transcript of the colloquy between court and counsel at the hearing on the motion for summary judgment does indicate that the trial court was of the view that the Federal Medical Care Recovery Act was inapplicable. However, the transcript does not indicate that there was much, if any, consideration given to the Colorado "no-fault" statute. In this Court the situation is reversed. The United States has expressly abandoned its claim based on the Federal Medical Care Recovery Act, and stakes its claim entirely on the Colorado "no-fault" statute.

In this Court, then, it is the position of the United States that under the Colorado "no-fault" statute it is a third party beneficiary of the contract of insurance issued Blain by Criterion to the end that it may maintain the present action against Criterion. Being uncertain as to the correctness of the United States' position in this regard, we certified the matter to the Colorado Supreme Court for an answer. See *United States v. Criterion Ins. Co.*, 587 F.2d 39 (10th Cir. 1978). The Colorado Supreme Court, after imposing certain assumptions and conditions, accepted certification. Subject to those assumptions and conditions, the Colorado Supreme Court held that under Colorado law the United States was a third party beneficiary and could maintain the present action against Criterion. *United States v. Criterion Ins. Co.*, 596 P.2d 1203 (Colo.1979).

As above indicated, the United States on appeal concedes that the Federal Medical Care Recovery Act, 42 U.S.C. §§ 2651–53 has no application to the present case. Accordingly, that part of the judgment of the trial court which dismissed the United States' action insofar as it is based on the Federal Medical Care Recovery Act is affirmed. However, that part of the trial court's judgment which dismissed the United States' action insofar as it is based on the Colorado "no-fault" statute is reversed and that particular matter is remanded to the trial court for further consideration.

■ In its brief in this Court, Criterion asserts that "the Colorado Auto Accident Reparations Act is not in any way involved in this litigation." The record before us does not support such assertion. As mentioned, in its complaint, the United States made claim against Criterion pursuant to both the Federal Medical Care Recovery Act *and* the Colorado Auto Accident Reparations Act. In its answer Criterion alleged, *inter alia*, that "the United States of America is not a beneficiary or insured under the provisions of the Colorado Auto Accident Reparations Act, C.R.S.1973, 10–4–701, *et seq.*, and therefore is entitled to no recovery pursuant to the Act." In its memorandum brief in support of its motion for summary judgment, Criterion makes no mention of the Colorado "no-fault" statute. However, in its memorandum brief in opposition to the motion for summary judgment, as well as in its supplemental brief, the United States places primary reliance on the Colorado "no-fault" statute. Thereafter, insofar as the record before us is concerned, "no-fault" dropped from sight. The transcript of the colloquy between court and counsel at the hearing on the summary judgment motion indicates that all parties were primarily concerned with the Federal Medical Care Recovery Act, and that virtually nothing was said relative to the claim of the United States based on the Colorado statute. Be that as it may, there is nothing in the record before us to indicate that the United States abandoned its claim based on the Colorado "no-fault" statute. This particular matter, then, remains for consideration by the trial court in the light of *United States v. Criterion Ins. Co.*, 596 P.2d 1203 (Colo.1979).

■ In this Court Criterion suggests that the Colorado "no-fault" statute has no application to the present case. From the record before us it would appear that such was not raised in the trial court. Indeed, in its answer Criterion alleges that *under Colorado law* the United States is not a third party beneficiary. In any event, the trial

court has not ruled on these matters, and we are not inclined to consider on appeal issues that were not presented to the trial court.

Judgment affirmed in part, and reversed in part, and the case remanded for further proceedings consonant with the views herein expressed.