The Full Commission filed an Opinion and Award on 7 February 1995 affirming the Deputy Commissioner's decision, and awarding continuing temporary total disability compensation and the payment of accrued and future related medical expenses.
Medicaid had paid for portions of the medical care plaintiff required prior to the filing of the Full Commission Opinion and Award with defendants having denied liability and having appealed the Deputy Commissioner's decision. Once the 7 February 1995 Opinion and Award was filed, defendant-carrier reimbursed Medicaid for the amounts it had paid for plaintiff's medical care. However, defendant-carrier has refused to pay medical providers for the difference between amounts that would have been approved pursuant to Industrial Commission procedures and the amount paid by Medicaid. This issue is now before the Full Commission.
The North Carolina Workers' Compensation Act provides that the employer shall provide medical treatment for an injured employee whose injury has been found to be compensable under the Act. N.C. Gen. Stat. § 97-25.
The Industrial Commission sets the fees that may be charged by medical providers in the treatment of workers' compensation cases. N.C. Gen. Stat. § 97-26 (a).
In cases of total and permanent disability, compensation, including medical compensation, shall be paid for by the employer during the lifetime of the injured employee. N.C. Gen. Stat. §97-29.
Charges of health care providers for treatment of workers' compensation claimants are subject to the approval of the Industrial Commission. N.C. Gen. Stat. § 97-90 (a).
Medical providers are entitled to receive from the employer or the employer's insurance carrier the amounts allowed by the Industrial Commission's fee schedule. No law, rule or regulation has been brought to the attention of the Industrial Commission forbidding complete application of the Industrial Commission's fee schedule to a situation where the providers were paid pursuant to Medicaid when workers' compensation liability was denied and the injured person desperately needed medical attention and was Medicaid eligible because of the denial. The case of Marshall v.Poultry Ranch, 268 N.C. 223 (1966) is instructive on this issue. In that case an injured worker was treated by the Veteran's Administration Hospital, who sued for reimbursement after the injury was found to be compensible under the Workers' Compensation Act.
Writing for a unanimous Court, Justice Carlisle Higgins said:
 We conclude that the Congress intended to provide free hospital treatment for indigent ex-servicemen who were in need of, but were unable to pay for, hospital treatment. This provision was made in consideration of the Veteran's previous service to his country. It does not, and was not intended to, relieve an employer of his statutory duty to provide medical treatment for his injured employees.
In the case before us, we find and conclude that, similarly, Congress intended to provide medical treatment to indigent persons but did not intend to relieve an employer of his statutory duty to provide medical treatment for his injured employees.
The effect of Award Paragraph (3) of the Full Commission's 7 February 1995 Opinion and Award was to make defendant-carrier liable for the costs of treatment provided by medical professionals. The cost for which defendant-carrier was liable was what providers were owed pursuant to the Workers' Compensation Act, not what Medicaid had previously covered.
After careful consideration and for good cause shown, the Intervenor's Motion is GRANTED and defendant-carrier is hereby ORDERED to pay Cary Health Care Center, Inc., d/b/a Cary Manor Nursing Home an amount equal to $49,883.81 for medical treatment provided to plaintiff as a result of his injury by accident. Defendant-carrier shall have THIRTY DAYS from the filing date of this Order to make payment in full.
Plaintiff's Motion is also granted. Defendant-carrier is hereby ORDERED to pay to the other medical providers the difference between the Medicaid amount already reimbursed and the amount allowable under the Workers' Compensation Act. Defendant-carrier shall have THIRTY DAYS from the filing date of this Order to make payment in full.
Finally, this matter came to the Full Commission on appeal by the insurer and resulted in the ultimate award of medical expenses for the treatment of plaintiff in the 7 February 1995 Opinion and Award which is hereby incorporated herein. Therefore, pursuant to G.S. § 97-88, defendant-carrier is ORDERED to pay the cost of this action, including a reasonable attorney fee of $500.00 to counsel for the Plaintiff and a reasonable attorney fee of $500.00 to counsel for the Intervenor.
 S/ ________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________ COY M. VANCE COMMISSIONER
S/ ________________ LAURA K. MAVRETIC COMMISSIONER